# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

## STANDING ORDER FOR
## MAGISTRATE JUDGE KANDIS A. WESTMORE
*(Revised May 30, 2012)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

1. Criminal motions are heard on the first and third Thursdays of the month at 11:00 a.m., or during the regular criminal calendar when Judge Westmore is on criminal calendar duty. Civil motions are also heard on the first and third Thursdays of the month at 11:00 a.m. Civil case management and status conferences are heard on Tuesdays at 1:30 p.m. Civil pretrial conferences are heard on Tuesdays at 3:00 p.m.

2. Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability at *http://www.cand.uscourts.gov*. The Court may reset hearing dates as the Court's calendar requires.

3. For scheduling questions, please call Judge Westmore's courtroom deputy, Susan Imbriani at (510) 637-3525.

### CONSENT CASES

4. In civil cases randomly assigned to Judge Westmore for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent ***as soon as possible***, and in no event later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

### CHAMBERS COPIES AND PROPOSED ORDERS

5. Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing, with the exception of the written consent/decline to the assignment of a United States Magistrate Judge. All Chambers copies must be marked "Chambers Copy" and submitted to the Oakland Clerk's Office in an envelope clearly marked "Magistrate Judge Kandis Westmore," and include the case number on the envelope.

6. In all electronic filing ("E-Filing") cases, in addition to filing papers electronically, the parties shall submit chambers copies by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted as described in paragraph 5 above. All Chambers Copies of E-filed documents must include the running header created by the ECF System on each page. E-filed documents must be cited in all other documents as follows: DKT#__ at ___.

7. Any stipulation or proposed order in a case subject to e-filing should be submitted by email to *kawpo@cand.uscourts.gov* as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

8. No later than seven (7) days prior to the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's General Standing Order for civil cases entitled "Contents of Joint Case Management Statement."

9. Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval. Each party shall be represented **in person** at the Case Management Conference by lead trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the request.

10. All case management, status and pretrial conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY
### Discovery Disputes

11. Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California. A copy of the Local Rules is available at the Clerk's Office and at the Court's website *(http://www.cand.uscourts.gov)*. No exceptions to the limitations

established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

12. <u>No motions to compel will be considered.</u>  Instead, lead trial counsel for all parties shall meet and confer **in person or telephonically**, if an in person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s).  After attempting other means to confer on the issue(s) (i.e. letter, phone call, e-mail), any party may demand such a meeting on ten (10) business days' notice.  The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. If unable to resolve all disputes through this procedure, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:

  (a) A cover page with the case caption and an attestation that the parties met and conferred <u>in person or telephonically</u> prior to filing the letter, as well as the signature of both parties or counsel;

  (b) A section which sets forth the unresolved dispute(s) and any pertinent factual background; and

  (c) With respect to each issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.

This joint letter shall not exceed ten (10) pages, excluding the cover page without leave of Court, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony.  Upon receipt of the Joint Letter, the Court will determine what future proceedings are necessary.

13. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person or telephonic meeting unless good cause is shown.

16. In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

17. No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 12-16 above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

18. In the event that a discovery hearing is ordered, the Court has found that it is most efficient and beneficial for counsel to appear *in person*. This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve. For this reason, the Court expects counsel to appear in person. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

### Privilege Logs

19. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

(a) The title and description of the document, including number of pages or Bates-number range;

(b) The subject matter addressed in the document;

(c) The identity and position of its author(s);

(d) The identity and position of all addressees and recipients;

(e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

(f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

(g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

## **COMMUNICATIONS WITH THE COURT**

20. Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court *ex parte* without prior notice to the opposing party. All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served a copy of the written communication.

## **MOTION PRACTICE**

21. The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.

IT IS SO ORDERED.

Dated: May 30, 2012

_____
Kandis A. Westmore
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes   ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)