Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Classes*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ENTERPRISE HOLDINGS, INC. d/b/a Zimride, a Missouri corporation, and LYFT INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 4:14-cv-00596-SBA<br><br>**DECLARATION OF BENJAMIN S. THOMASSEN** |

I, Benjamin S. Thomassen, hereby declare and state as follows:

1. I am an attorney at the law firm of Edelson PC and I represent Plaintiff Miguel Garcia in the above-titled action. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. My firm filed this putative class action on behalf of Mr. Garcia and all others similarly situated on February 7, 2014. (Dkt. 1.) The original complaint alleged that Defendant Lyft Inc. ("Lyft") was a direct subsidiary of Defendant Enterprise Holdings, Inc., and that the two Defendants jointly operated the Zimride service. (*Id.* at ¶ 7.)

3. On February 25, 2014, Defendant Lyft, Inc. filed its Federal Rule of Civil Procedure 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification of Interested Entities or Persons, wherein Lyft indicated that it has no parent corporation. (Dkt. 26 at 2.)

4. For the sake of correcting the above-mentioned allegations regarding the relationship of the Defendants, Plaintiff sought the Defendants' consent to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

5. Defendants, through their respective attorneys, agreed to provide their written consent, but indicated their consent was contingent upon having thirty days to respond to the amended pleading.

6. The only previous time modification in this case was given pursuant to Civil Local Rule 6-1(a), where the Parties stipulated to extend the Defendants' time within which to answer or otherwise respond to Plaintiff's original complaint (i.e., also up to thirty days).

7. The presently stipulated-to time modification will have no effect on the schedule for this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 28, 2014 at Chicago, Illinois.

                                                 /s/ Benjamin S. Thomassen
                                                 Benjamin S. Thomassen