1  Mark Eisen (SBN - 289009)
   meisen@edelson.com
2  EDELSON PC
   555 West Fifth Street, 31st Floor
3  Los Angeles, California 90013
   Tel: 213.533.4100
4  Fax: 213.947.4251

5  Jay Edelson (Admitted *Pro Hac Vice*)
   jedelson@edelson.com
6  Rafey S. Balabanian (Admitted *Pro Hac Vice*)
   rbalabanian@edelson.com
7  Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
   bthomassen@edelson.com
8  Jack D. Yamin (Admitted *Pro Hac Vice*)
   jyamin@edelson.com
9  Chandler R. Givens (Admitted *Pro Hac Vice*)
   cgivens@edelson.com
10 EDELSON PC
   350 North LaSalle Street, Suite 1300
11 Chicago, Illinois 60654
   Tel: 312.589.6370
12 Fax: 312.589.6378

13 *Attorneys for Plaintiff and the Putative Classes*

14

15 ### IN THE UNITED STATES DISTRICT COURT

16 ### FOR THE NORTHERN DISTRICT OF CALIFORNIA

   ### OAKLAND DIVISION
17

18 | | |
   |---|---|
   | MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
   | Plaintiff, | **RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
   | v. | |
   | ENTERPRISE HOLDINGS, INC. d/b/a Zimride, a Missouri corporation, and LYFT INC., a Delaware corporation, | |
   | Defendants. | |

19 *Plaintiff*,

20 *v.*

21 ENTERPRISE HOLDINGS, INC. d/b/a Zimride,
   a Missouri corporation, and LYFT INC., a
22 Delaware corporation,

23 *Defendants*.

24

25

26

27

28

1  **I.      INTRODUCTION**

2          This Court should deny, in part, the Defendants' Request for Judicial Notice in Support of

3  Their Motion To Dismiss First Amended Class Action Complaint. (Dkt. 35 (the "Request").)

4  Through the Request, Defendants ask the Court to take judicial notice of three sets of documents:

5          Group 1:   Three screenshots taken from the Zimride website (Dkts. 31-1, 2, & 3);

6          Group 2:   Three versions of the Zimride privacy policy, (Dkts. 31-4, 5, & 6); and

7          Group 3:   Various documents and excerpts from the legislative history and
                       background of Cal. Penal Code § 637.6 (the "Ridesharing Privacy
8                      Statute"), (Dkts. 31-7, 8, 9, 10, & 11).

9  Plaintiff does not contest the Court's ability to consider the documents in Groups 1 or 3. Plaintiff

10  does, however, contest this Court's consideration of the documents comprising Group 2 (the

11  privacy policies) for two reasons, either of which is alone sufficient to deny the Request. First,

12  none of the documents is attached to or explicitly referenced by Plaintiff's First Amended

13  Complaint ("FAC," Dkt. 29), nor does Plaintiff's claim in any way rely on those documents.

14  Second, neither Plaintiff nor the Court can verify the authenticity of the purportedly archival

15  versions of Zimride's privacy policy from 2012. (Dkts. 31-4 & 5.)

16  **II.     ARGUMENT**

17          It is well-settled that, ordinarily, "a court may look only at the face of the complaint and

18  documents attached to or referenced in the complaint to decide a motion to dismiss." *Ismart Int'l*

19  *Ltd. v. I-Docsecure, LLC*, No. C-04-03114 RMW, 2005 WL 588607, at *6 (N.D. Cal. Feb. 14,

20  2005) (citing *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002)). Where

21  a defendant submits materials outside of the pleadings in support of a motion to dismiss under

22  Rule 12(b)(6), the motion "must be treated as a motion for summary judgment under Federal Rule

23  of Civil Procedure 56." *Id.* (citing *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996); Fed. R.

24  Civ. P. 12(b)(6)).

25          In certain cases, a court may consider documents not physically attached to or explicitly

26  referenced by the pleadings in deciding a motion to dismiss, but only where (1) the documents'

27  "authenticity . . . is not contested" and (2) "the plaintiff's complaint *necessarily relies*" on them.

28

---

1   *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (emphasis added, internal quotations

2   omitted) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Here, as explained

3   below, the FAC does not rely on the privacy policies, nor is their authenticity uncontested.

4   Consequently, Defendants' request that this Court consider those documents when ruling on

5   Defendant's Rule 12(b)(6) motion to dismiss must be denied.

6        **A.**     **The FAC neither references nor "necessarily relies" on any of the Zimride privacy policies attached to the Ybarra Declaration.**

7

8        The privacy policy on which Defendants rely (i.e., to argue that Plaintiff consented to the

9   disclosure of his information) was not part of the pleadings. The privacy policy was neither

10   attached to nor referenced anywhere in the Complaint, nor does any facet of Plaintiff's claim rely

11   or depend on it. Indeed, Defendants outright admit that "the Complaint does not specifically refer

12   to Zimride's Terms of Service and Privacy Policy[.]" (Dkt. 35 at 5.) Nevertheless, Defendants

13   assert that this Court may consider the privacy policy[1] because—according to them—"[P]laintiff's

14   claim depends on the contents of [that] document" (Dkt. 34 at 14 n.8 (quoting *Knievel v. ESPN*,

15   393 F.3d at 1076; *see* Dkt. 35 at 3) (same)). But that is simply not true. While Defendants may

16   wish to use the privacy policy to assert a defense, Plaintiff's claim—that Defendants disclosed his

17   personal information to Mixpanel in violation of Cal. Penal Code § 637.6—in no way depends on

18   the contents of the privacy policy. Thus, it is not subject to judicial notice in relation to

19   Defendants' Motion to Dismiss.

20        Defendants offer two cases to argue that the privacy policy is subject to judicial notice, but

21   neither supports their position. First, in *Knievel v. ESPN*, celebrity daredevil Evel Knievel brought

22   a defamation claim relating to a photograph of him and an accompanying caption that had been

23   posted by television sports network ESPN on a page of its website. 393 F.3d 1068, 1076 (9th Cir.

24   2005). The court held that it could consider the entire ESPN webpage, which included photos of

25   numerous other celebrities, to determine whether the photograph of Knievel and the

26   accompanying caption were defamatory in context. *Id. Knievel* thus stands for the unremarkable

---

27        [1]   Although they attach three versions of a privacy policy to the Ybarra Declaration,

28   Defendants refer to the three documents in the singular.

1 proposition that where a plaintiff asserts a claim based on a portion of a document, the court may

2 consider the rest of that document in deciding a Rule 12(b)(6) motion to dismiss, even those

3 portions of the document are not referenced in the pleadings. *Id.* at 1076-77. Consequently, if

4 Plaintiff here had relied on any part of the privacy policy for his claim, then of course this Court

5 could consider the rest of the privacy policy. But Plaintiff's claim that Zimride unlawfully

6 disclosed his personal information does not quote from, reference, or rely on any portion of the

7 privacy policy. As such, it cannot be considered when evaluating the pleadings.[2]

8      The case of *Swartz v. KPMG LLP* is similarly off point. 476 F.3d 756 (9th Cir. 2007).

9 There, on appeal, the plaintiff contested the district court's consideration of an engagement letter

10 in deciding a motion to dismiss. *Id.* at 763. The Ninth Circuit unceremoniously rejected that

11 argument, as the authenticity of the letter was not in dispute and, more importantly, the plaintiff

12 "brought a breach of contract claim against [the defendant] *and referred explicitly to the*

13 *engagement letter*." *Id.* (emphasis added). Thus, the Ninth Circuit repeated the oft-cited rule noted

14 by Defendants that "in order to '[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by

15 deliberately omitting . . . documents upon which their claims are based,' a court may consider *a*

16 *writing referenced in a complaint* but not explicitly incorporated therein if the complaint relies on

17 the document and its authenticity is unquestioned. *Id.* (citing collected cases) (emphasis added).

18 Notably, in their Request, Defendants forget to include the predicate of the rule—i.e., that the

19 "deliberate omission" rule requires first that the pleadings at least *reference* a document before it

20 is offered for judicial notice. (Request at 3 (noting that "[t]his rule exists 'in order to prevent

21 plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents on which

22 their claims are based.' ") (quoting *Swartz*, 476 F.3d at 763 (9th Cir. 2007).) Regardless, the FAC

23 makes no reference to the privacy policy, so there is no basis for considering it in conjunction with

24 Defendants' Motion to Dismiss.

25

26 [2]    Defendants admit this point expressly. (Request at 3-4 ("[W]hen *part of a writing is*

27 *offered by one party*, 'an adverse party may require the introduction, at that time, of any *other part* . . . which ought in fairness to be considered at the same time.'") (quoting Fed. R. Evid. 106.

28 (emphasis added).)

1    As a result, the general rule regarding consideration of materials outside the pleadings

2    holds, and this Court may not consider the privacy policy when deciding Defendants' Rule

3    12(b)(6) motion.

4    **B.    There is no way to verify the authenticity of the attached privacy policies from
          2012—i.e., the only ones that might matter in this case—because neither
5          document is "publically available" or otherwise independently verifiable.**

6    Next, assuming *arguendo* there is some basis for considering any of the privacy policies at

7    all, the authenticity of the attached privacy policies from 2012 are at issue and, as such, cannot be

8    considered at this stage. Through their Motion to Dismiss, Defendants submit the 2012 privacy

9    policies as evidence that "Plaintiff [was required] to consent to their terms before using Zimride's

10   service [when he signed up in 2012.]" (Dkt. 34 at 14; *see also* Request at 5, n.1 (explaining that

11   the 2012 privacy policies are attached because Plaintiff alleges he signed up for Zimride services

12   in July 2012).) Defendants do not explain why they also attach the *current* (i.e., 2014) privacy

13   policy to the Request, (Dkt. 36-6), as there is no argument that Plaintiff somehow consented to *its*

14   terms when he signed up in 2012 or used the services in 2013. Regardless, the entirety of

15   Defendants' factual contentions surrounding the 2012 privacy policies are based upon the apparent

16   availability of documents and Zimride sign-up process as they purportedly existed nearly two

17   years ago. As such, there is simply no way for Plaintiff or the Court to accept or otherwise test the

18   veracity of Defendants' factual contentions without the benefit of discovery and a developed

19   factual record—indeed, Defendants only offer testimony from one of their attorneys (as opposed

20   to a record custodian or other fact witness) as to the documents' authenticity. (Ybarra Decl. at ¶¶

21   5-6 (stating only that "[a] true and correct copy of the Zimride Terms of Service and Privacy

22   Policy as it existed [in July 2012], and previously available at the Zimride website, is

23   attached[.]").) The authenticity of the documents, along with their supposed use in the Zimride

24   sign-up process, is accordingly at-issue, which bars their consideration along with Defendants'

25   Motion to Dismiss.

26   This point is hardly controversial and, frankly, is the main reason for the discovery

27   process. In this regard, *Cohen v. Facebook, Inc.*, 798 F. Supp. 2d 1090 (N.D. Cal. 2011), is

28

---

1  instructive. There, Facebook moved to dismiss the plaintiffs' allegations that "their names and

2  profile pictures were used without consent in Facebook's promotions for [its] Friend Finder

3  service." *Id.*, 798 F. Supp. 2d at 1094. In moving to dismiss, Facebook attached several "Terms

4  documents" (including a "Statement of Rights and Responsibilities," "Principles," and its "Privacy

5  Policy") to its motion, arguing that the court should consider them in conjunction with its motion.

6  *Id.* In reasoning that "[i]t is far from clear that it would be proper to rely on the Terms documents

7  to dismiss plaintiffs' claims at this juncture," the court observed that:

8       Even assuming it is permissible to take judicial notice of the contents of websites
        under some circumstances and for some purposes, substantial questions would
9       remain in this instance as to when various versions of the documents may have
        appeared on the website and the extent to which they necessarily bound all
10      plaintiffs.

11  *Id.* These same concerns apply here. Without the benefit of discovery, neither Plaintiff nor the

12  Court has any way of independently verifying when or how the 2012 privacy policies appeared on

13  the Zimride website—i.e., what hyperlinks were presented when he signed up with Zimride

14  through his Facebook account in 2012, what documents those hyperlinks led to, and whether the

15  documents are, in fact, the same documents offered by Defendants along with their Motion to

16  Dismiss.

17      As such, and without means for either Plaintiff or the Court to verify the 2012 privacy

18  policies attached in support of Defendants' Motion to Dismiss, Plaintiff must contest the

19  authenticity of the documents and their purported use in the Zimride registration process. This,

20  standing alone, is sufficient for the Court to refuse to consider the documents in connection with

21  Defendants' Motion to Dismiss. *See Parrino v. FHP, Inc.*, 146 F. 3d, 699, 705-06 (9th Cir. 1998)

22  (court may consider documents not physically attached to the pleadings only where no party

23  questions their authenticity), *superseded by statute on other grounds as stated in Abrego Abrego v.*

24  *The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

25  **III.    CONCLUSION**

26      Because Plaintiff's complaint does not rely on them, and because their authenticity is

27  contested, Plaintiff respectfully requests that the Court deny Defendants' request to take judicial

28

---

1  notice of Exhibits D, E, and F attached to the Ybarra Declaration and submitted in support of

2  Defendants' Motion to Dismiss.

3

4                                                          Respectfully submitted,

5                                                          **MIGUEL GARCIA**, individually and on behalf of
                                                           all others similarly situated,

6  Dated: May 12, 2014                          By:   /s/ Benjamin S. Thomassen
                                                              One of Plaintiff's Attorneys
7

8                                                          Mark Eisen (SBN - 289009)
                                                           meisen@edelson.com
9                                                          EDELSON PC
                                                           555 West Fifth Street, 31st Floor
10                                                         Los Angeles, California 90013
                                                           Tel: 213.533.4100
11                                                         Fax: 213.947.4251

12                                                         Jay Edelson (Admitted *Pro Hac Vice*)
                                                           jedelson@edelson.com
13                                                         Rafey S. Balabanian (Admitted *Pro Hac Vice*)
                                                           rbalabanian@edelson.com
14                                                         Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
                                                           bthomassen@edelson.com
15                                                         Jack Yamin (Admitted *Pro Hac Vice*)
                                                           jyamin@edelson.com
16                                                         Chandler R. Givens (Admitted *Pro Hac Vice*)
                                                           cgivens@edelson.com
17                                                         EDELSON PC
                                                           350 North LaSalle Street, Suite 1300
18                                                         Chicago, Illinois 60654
                                                           Tel: 312.589.6370
19                                                         Fax: 312.589.6378

20                                                         *Attorneys for Plaintiff and the Putative Classes*

21

22

23

24

25

26

27

28