July 7, 2014

Hon. Saundra Brown Armstrong
United States District Court for the Northern
District of California
1301 Clay Street, Ctrm. 1, 4th Floor
Oakland, CA  94612

Re:    <u>Garcia v. Enterprise Holdings, Inc., et al.</u>, Case No. 4:14-cv-00596-SBA

Dear Judge Armstrong:

Defendants Lyft, Inc. ("Lyft") and Enterprise Holdings, Inc. ("Enterprise") request an order temporarily staying discovery pending resolution of Defendants' Motion to Dismiss and a determination that Plaintiff Miguel Garcia has pled a viable claim.

### Introduction

As recognized by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the burden of requiring a defendant to engage in broad, costly and invasive discovery should only be shouldered if a plaintiff can plead a viable claim.  Here, Plaintiff asserts a putative class action claim under Penal Code Section 637.6—a 1990 statute regulating persons who assist private entities in establishing commuter carpool programs—that has no application to Defendants Lyft and Enterprise or the facts alleged.  Plaintiff has served each Defendant with roughly 100 discovery requests seeking information that goes far beyond even Plaintiff's expansive (and legally untenable) reading of Section 637.6.  If this burdensome discovery is permitted to proceed, Defendants will incur significant litigation costs without legal justification.

Defendants' request for a temporary stay of discovery is appropriate under Fed. R. Civ. P. 26(b)(2)(C), and meets the two-part test generally applied by federal courts in California.  First, Defendants' pending Motion to Dismiss would dispose of the entirety of Plaintiff's Complaint.  Second, the motion can (and should) be decided on the pleadings, without any discovery.  In addition, the proposed stay will cause no prejudice to Plaintiff.  For these reasons, the Court should stay discovery pending the Court's determination that Plaintiff can allege a valid claim.

### Background

Defendants Lyft and Enterprise are the former owner and current owner, respectively, of Zimride, an internet-based ride-sharing platform.  Zimride offers an online peer-to-peer ride-matching program that pairs its members who want a ride to their destination with other members willing to offer those rides.  FAC ¶¶ 2, 14 (Dkt. 29).

Plaintiff alleges that he signed up for Zimride's services in July 2012, and on a few occasions, submitted information directly through Zimride's website requesting rides between southern and northern California.  *Id.* ¶¶ 31, 32.  Plaintiff alleges that due to his use of Zimride, Defendants transmitted information about Plaintiff to a third-party data analytics company, Mixpanel, retained by Defendants to assist them in optimizing the Zimride service.  *Id.* ¶ 33, 34.  On behalf

of himself and a class of similarly-situated individuals, Plaintiff asserts a single cause of action alleging that the transmission of information to Mixpanel violates California Penal Code § 637.6(a). *Id*. That statute provides in relevant part:

> No person who, in the course of business, acquires or has access to personal information concerning an individual, including, but not limited to, the individual's residence address, employment address, or hours of employment, for the purpose of assisting private entities in the establishment or implementation of carpooling or ridesharing programs, shall disclose that information to any other person or use that information for any other purpose without the prior written consent of the individual.

Cal. Penal Code § 637.6(a). Plaintiff claims statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a)(1). Plaintiff does not allege any injury-in-fact from Defendants' alleged disclosure to Mixpanel, nor does he say for what "other purpose" his information was used or disclosed without his consent.

On April 28, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint (Dkt. 33) on grounds that it presents a legally deficient claim under Section 637.6. While we are aware of no published cases concerning this statute since its passage nearly 25 years ago, Defendants Lyft and Enterprise are not the regulated "persons … assisting private entities" to whom the statute applies, and Plaintiff's reading of Section 637.6 cannot be squared with the statutory language or the rule of lenity applicable to criminal statutes. Plaintiff does not allege that Defendants have access to personal information "for the purpose of assisting private entities" in establishing carpooling programs, nor does he allege that he supplied his own information in connection with any private entity's carpooling program. To the contrary, Plaintiff used Zimride to arrange for himself the occasional ride to a distant city with an unaffiliated stranger. FAC ¶¶ 31, 32. Moreover, even assuming that Section 637.6 applied, Plaintiff fails to state a claim because he does not contend that his personal information was used or disclosed for an ulterior purpose, or that Zimride lacked his consent to do so. Finally, Plaintiff has no standing to assert his claim. As even he concedes, the Ninth Circuit has never found Article III standing on the sole basis of an alleged violation of a state statute in the absence of any injury-in-fact suffered by a plaintiff.

On June 5, 2013, Plaintiff served burdensome discovery on each Defendant, consisting of 53 Requests for Documents, 14 Interrogatories, and 32 Requests to Admit Facts on Lyft, and 54 Requests for Documents, 15 Interrogatories, and 35 Requests to Admit Facts on Enterprise. *See* Exs. A-F. Plaintiff also served a third-party, Mixpanel, with a subpoena requesting production of documents. *See* Ex. G. Plaintiff seeks discovery even beyond his legally untenable claim, including broad discovery related to Defendants' and Mixpanel's businesses independent of the Zimride platform. *See, e.g.,* Ex. A at 12-13.

**Argument**

The Rules of Civil Procedure serve to promote "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. It is not "just" to subject Defendants to expensive discovery when neither they, nor the alleged conduct are regulated by the statute on which Plaintiff's Complaint is predicated. The Court may grant a protective order staying discovery when it finds

837823.03

good cause to do so.  *See* Fed. R. Civ. P. 26(c).  As the Ninth Circuit has noted, the purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Consistent with this purpose, federal courts in California utilize a two-part test to determine whether to stay discovery pending resolution of a dispositive motion: "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  And second, the court must determine whether the pending dispositive motion can be decided absent discovery."  *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying discovery pending disposition of motion to dismiss).  Applying that two-part test, the Ninth Circuit frequently has affirmed stays of discovery pending pleadings challenges.  *See, e.g., Sepulveda v. Dep't of Treasury*, 295 Fed. Appx. 160, 160-61 (9th Cir. 2008) (district court properly denied motion to compel as premature pending resolution of motion to dismiss).

This case easily satisfies the two-part test to stay discovery pending resolution of Defendants' Motion to Dismiss.  First, the motion challenges Plaintiffs' sole claim in its entirety and, if granted, would be dispositive of the entire Complaint, rendering any discovery moot.  Second, the motion can (and must) be decided exclusively on the allegations within Plaintiff's Complaint and matters subject to judicial notice, without the burdensome discovery Plaintiff seeks.

In addition to meeting this two-part test, there are particularly compelling reasons to stay discovery here.  First, as detailed in the Motion to Dismiss, the Complaint contains numerous fatal defects, including an abject failure to plead any use or disclosure of information for an "other purpose" prohibited by the statute.  Without a viable claim, Defendants should not be forced to engage in Plaintiff's hundreds of intrusive discovery requests until that threshold issue is resolved.  As the Ninth Circuit held in *Rutman Wine*, a trial court would be "abdicat[ing its] judicial responsibility" and failing to adopt the "sounder practice" if it let a plaintiff proceed to discovery with "prohibitive" costs, without first "determin[ing] whether there is any reasonable likelihood that plaintiff[] can construct a claim." 829 F.2d at 738.  Second, even to the extent that Plaintiff could amend his Complaint to assert a viable claim, such a claim would be substantially narrower, focusing (as it must) on the use or disclosure of information in connection with assisting private entities with carpooling programs.  Third, Plaintiff's lack of standing, a threshold jurisdictional issue, provides strong independent grounds for a discovery stay.  *See America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 800-801 (9th Cir. 1989) (upholding denial of discovery pending motion to dismiss for lack of jurisdiction).  Finally, a temporary stay of discovery is appropriate as it will not prejudice Plaintiff, especially where Defendants have issued timely litigation holds.  If Plaintiff can state a valid claim, he "will still have ample time and opportunity to conduct discovery on the merits."  *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001).  By contrast, if Defendants "prevail on [their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources."  *Id.*

**Conclusion**

For all of the foregoing reasons, the Court should grant a temporary stay of discovery pending resolution of Defendants' Motion to Dismiss.

837823.03

## CERTIFICATION OF COMPLIANCE WITH STANDING ORDER

Counsel for Defendants certify that on July 2, 2014, we met and conferred by telephone with Ben Thomassen, counsel for Plaintiff Miguel Garcia. We discussed the arguments that Defendants intended to make in this request for temporary stay of discovery pending a determination that Plaintiff has pled a viable claim. Plaintiff's counsel refused to agree to a stay of discovery.

Dated:  July 7, 2014                                    KEKER & VAN NEST LLP

                                                        By:   */s/ Jennifer A. Huber*
                                                              RACHAEL E. MENY
                                                              JENNIFER A. HUBER
                                                              MICHELLE S. YBARRA
                                                              Attorneys for Defendant
                                                              LYFT, INC.


Dated:  July 7, 2014                                    CROWELL & MORING LLP

                                                        By:   */s/ J. Daniel Sharp*
                                                              J. DANIEL SHARP
                                                              Attorneys for Defendant
                                                              ENTERPRISE HOLDINGS, INC.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of Defendants' Letter Brief Requesting a Stay of Discovery has been obtained from the other signatories.


Dated:  July 7, 2014                                     */s/ Jennifer A. Huber*
                                                         JENNIFER A. HUBER

837823.03