1  KEKER & VAN NEST LLP
   RACHAEL E. MENY - #178514
2  rmeny@kvn.com
   JENNIFER A. HUBER - #250143
3  jhuber@kvn.com
   MICHELLE S. YBARRA - #260697
4  mybarra@kvn.com
   633 Battery Street
5  San Francisco, CA  94111-1809
   Telephone:    (415) 391-5400
6  Facsimile:    (415) 397-7188

7  Attorneys for Defendant
   LYFT, INC.
8
   CROWELL & MORING LLP
9  J. DANIEL SHARP - #131042
   dsharp@crowell.com
10 275 Battery Street, 23rd Floor
   San Francisco, CA  94111
11 Telephone:  (415) 986-2800
   Facsimile:  (415) 986-2827
12
   Attorneys for Defendant
13 ENTERPRISE HOLDINGS, INC.

14

15                  UNITED STATES DISTRICT COURT

16         NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

17 MIGUEL GARCIA, individually and on          Case No. 4:14-cv-00596-SBA
   behalf of all others similarly situated,
18                                             **EXHIBITS A – C TO DISCOVERY
                                               LETTER BRIEF (VOL. I)**
19                  Plaintiff,

20          v.

21 ENTERPRISE HOLDINGS, INC., a               Date Filed:  February 7, 2014
   Missouri corporation, and LYFT INC. d/b/a
22 Zimride, a Delaware corporation,           Judge:  Hon. Saundra B. Armstrong

23                  Defendants.

24

25

26

27

28

842842.01

# EXHIBIT A

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation. <br><br> *Defendants.* | Case No. 4:14-cv-00596-SBA <br><br> **PLAINTIFF GARCIA'S FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT LYFT, INC.** <br><br> Judge: Hon. Saundra B. Armstrong <br><br> Action Filed: February 7, 2014 |

PLAINTIFF'S FIRST SET OF REQUESTS FOR
DOCUMENTS TO LYFT, INC.

CASE NO. 4:14-cv-00596-SBA

1        Plaintiff Miguel Garcia, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

2   requests that Defendant Lyft, Inc. ("Lyft"), produce the following Documents for inspection and

3   copying at the office of Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654,

4   within thirty (30) days of service of this request.

5                                 *I. Definitions*

6        1.      "Communication" or "Communications" means the transmittal of information, facts

7   or ideas, Including communications in the form of any discussion, conversation, inquiry,

8   negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence,

9   note, memorandum, e-mail message, instant message, text message, electronic chat, telegram,

10  audio recording, advertisement or other form of exchange of words, whether oral or written.

11  "Communication" or "Communications" also means all written and unwritten but recorded

12  correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in

13  margin notes or annotations, Including memos, letters analog or digital recordings, audio

14  recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things

15  sent or received by You to or from any entity, Including files maintained or exchanged internally

16  within Your business or with Your Employees.

17       2.      "Complaint" means Plaintiff's First Amended Class Action Complaint filed in the

18  United States District Court for the Northern District of California on March 28, 2014 (Dkt. 29).

19       3.      "Computer" means all data processing equipment, Including central processing

20  units (CPUs), whether contained in a server or free-standing computer or laptop or PDA or similar

21  device that may contain data storage capabilities, irrespective of whether such computing platform,

22  infrastructure or storage is virtualized, whether that data be structured or unstructured, and

23  Including any equipment where computer files (Including records, documents, logs, and any other

24  contiguous or non-contiguous bit strings), hidden system files, or Metadata presently reside, such

25  as hard disk drives, optical disk drives, removable media such as floppy disk drives, CD-ROM and

26  DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer

27  magnetic tapes, backup tapes, drum and disk storage devices, or any other similar electronic

28

1    storage media or system of whatever name or description. "Computer" also refers to all digital

2    image evidence that may be stored on any type of hardware used to store or manipulate electronic

3    images, Including microfilm, microfiche and their repositories and readers, or design or

4    engineering computer systems and regardless of any digital image's format, Including .jpg, .bmp,

5    or some other advanced or proprietary form of digital image format, such as CAD layered

6    drawings. "Computer" also refers to sources of digital evidence that may not presently be in use by

7    You or may have been deleted from Your active systems, whether the source is a backup tape or

8    disk, some other data retention system or some form of disaster recovery system. "Computer" also

9    refers to places where digital evidence may reside that may have been deleted from Your active

10   files and which may not be readily recoverable from a backup medium, such as Metadata.

11        4.    "Date" means the exact year, month, and day, if known, or if not known, Your best

12   approximation thereof.

13        5.    "Describe" when used in relation to any process, policy, act, or event means to

14   explain the process, policy, act, or event in complete and reasonable detail, stating the time, Date,

15   and location, Identifying all Persons participating or present, and Identifying all Documents

16   Relating thereto.

17        6.    "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means

18   to sell, transmit, transfer, relay, trade, or provide.

19        7.    "Document" or "Documents" shall mean any writings, letters, telegrams,

20   memoranda, correspondence, Communications, email messages, memoranda or notes of

21   conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books,

22   records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm,

23   Computer data files, printouts, accounting statements, mechanical and electrical recordings,

24   checks, pleadings, and other tangible things upon which any handwriting, typing, printing,

25   drawing, representation, photostatic, or other magnetic or electrical impulses or other form of

26   Communication is recorded, stored, or produced, Including audio and video recordings and ESI

27   (Including e-mails, web pages, websites, Computer discs, Computer programs, and Computer files,

28

1   Including, where applicable, compiled and uncompiled source code), whether or not in printout

2   form. These terms shall also mean copies of Documents even though the originals are not in Your

3   possession, custody or control; every copy of a Document which contains handwritten or other

4   notations or which otherwise does not duplicate the original of any other copy; all attachments to

5   any Documents; and any other Documents, items and/or information discoverable under federal

6   law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil

7   Procedure 34(a)(1).

8        8.       "Electronically Stored Information" or "ESI" as used herein, means Computer

9   generated information or data of any kind stored on Computers, file servers, disks, tape or other

10  devices or media, or otherwise evidenced by recording on some storage media, whether real,

11  virtual, or cloud-based.

12       9.       "Employee" or "Employees" means all present and former officers, directors,

13  agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

14       10.      "Enterprise" means Defendant Enterprise Holdings, Inc. and its divisions,

15  subsidiaries, related companies, predecessors and successors, all present and former officers,

16  directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

17  of them.

18       11.      "Facebook" means Facebook, Inc. and its divisions, subsidiaries, related companies,

19  predecessors and successors, all present and former officers, directors, agents, attorneys,

20  Employees, and all Persons acting or purporting to act on behalf of any of them.

21       12.      "Identify," when used with respect to a natural person, means to state the person's

22  full name, present or last known business affiliation and position, past and present home address,

23  and past position and business affiliation, if any, with any of the parties herein.

24       13.      "Identify," when used with respect to a company or other business entity, means to

25  state the company's legal name, the names under which it does business, its form (*e.g.*, partnership,

26  corporation, etc.), the address of its principal place of business, and to Identify its principal

27  proprietors, officers or directors.

28

14.   "Identify," when used with respect to a Document, means to state the Date(s) the Document was prepared, drafted, or generated, its author(s), intended and actual recipient(s), type of Document (*e.g.*, "letter," "Terms of Service" or "email"), and to Identify its last known custodian or location.

15.   "Identify," when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, Date, and location; Identify all Persons participating or present; and Identify all Documents Relating thereto.

16.   "Identify," when used with respect to a Communication, means to state the type of Communication (*e.g.*, telephone discussion, email, face-to-face, etc.), the name and present address of each Person present during the Communication or who otherwise observed or heard the Communication, and to state the subject matter of the Communication and the Date upon which it occurred. If the Communication was in writing, Identify all Documents that Relate To the Communication in the manner provided above.

17.   "Including" means "including, but not limited to;" "Includes" means "includes, but not limited to."

18.   "Metadata" means and refers to data about data, Including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and validity of the electronic file as well as information generated automatically by the operation of a Computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

19.   "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

20.   "Mixpanel Library" means any file containing JavaScript, PHP, or other code that is supplied or hosted by Mixpanel.

1    21.    "Person" means any natural person, corporation, partnership, association,

2    organization, joint venture, or other entity of any type or nature.

3    22.    "Plaintiff" means Plaintiff Miguel Garcia.

4    23.    "Personal Information" means an individual's (1) name; (2) telephone number;

5    (3) mailing address; (4) age or date of birth; (5) email address; (6) credit card numbers or any

6    financial or other sensitive information; (7) zip code or geographic location; (8) unique identifiers,

7    Including "Distinct IDs," unique Facebook usernames, Facebook User IDs or hyperlinks; (9) trip

8    details, Including carpool routes; or (10) any other data or information about an individual.

9    24.    "Post a Ride" or "Posting a Ride" means the process that is initiated by clicking the

10   yellow "Post a Ride" button that appears at the top of the Zimride Website, and completed by

11   clicking the green "Post Ride" button, or any substantially similar process facilitated by the

12   Zimride Website.

13   25.    "Recipient" means any Person, excluding Your Employees, to whom You

14   Disclosed Users' Personal Information, Including Mixpanel.

15   26.    "Relating To," Including its various forms such as "Relates To," means to consist

16   of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

17   legally connected, directly or indirectly, with the matter described.

18   27.    "Relevant Time Period," means 2007 until the present. Unless otherwise indicated,

19   all Requests shall refer to the Relevant Time Period.

20   28.    "Use," Including its various forms such as "Using" or "Usage" means to collect,

21   obtain, procure, retain, compile, receive, acquire, or access.

22   29.    "User" means any individual who has a Zimride account.

23   30.    "You," "Your," or "Lyft" means Defendant Lyft, Inc. and its divisions,

24   subsidiaries, related companies, predecessors and successors, all present and former officers,

25   directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

26   of them.

27   31.    "Zimride" means any application, software, or technology that is branded or

28

1  referred to as "Zimride" and through which Persons may post a ride or search for a ride posted by

2  another Person.

3  ## *II. Instructions*

4      1.      The Person responding to a Request should have knowledge to answer said

5  Request. If another Person has superior knowledge as to certain Requests, that other Person should

6  respond to that Request and be so designated. If such Person is unavailable, that Person should be

7  fully Identified and the nature and scope of their knowledge and the reasons that such Person's

8  knowledge is or is believed to be superior explained fully.

9      2.      In responding to these Requests, furnish all information, however obtained,

10  Including hearsay, which is available to You and any information known by You, in Your

11  possession, or appearing in Your records.

12      3.      These are intended as continuing Requests that require You to timely supplement

13  Your responses until and during the course of trial.

14      4.      Information sought by these Requests that You obtain after You serve Your

15  responses must be disclosed to Plaintiff by supplementary responses.

16      5.      It is intended by this set of Requests to elicit information not merely within Your

17  knowledge, but obtainable by You or on Your behalf.

18      6.      You may not claim lack of information or knowledge as grounds for failing to

19  respond to any Request or as grounds for giving an incomplete or partial response to any Request

20  without exercising due diligence to secure the full information needed to do so. Where You rely or

21  respond based on information provided to You from any other Person, fully Identify that Person

22  and how You obtained the information from them. Where You rely on information in any

23  Document, specifically Identify the Document and Identify the Person who has custody of that

24  Document.

25      7.      If You cannot respond to a Request in full after exercising due diligence

26  to secure the full information needed to do so, so state and respond to the extent possible,

27  specifying Your inability to respond to the remainder, stating whatever information or knowledge

28

1   You have concerning the portion to which You did not respond and detailing Your attempts to

2   secure the unknown information.

3         8.      If You object to any Request on the basis that the time period covered by the

4   Request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider

5   proper for that Request and answer the Request for that time period, preserving Your objection to

6   the remainder of the time period.

7         9.      If You choose to provide in electronic media or machine-readable form (such as

8   Computer disk, cartridge, tape, punch cards, or other non-printed media) any responses,

9   Documents, or other materials in Your responses, You must provide all information and things

10  necessary for Plaintiff or his agents to fully access, read, and decode into plain English text all data

11  and files so provided.

12        10.     All Documents, ESI, file systems, and digital media are to be produced in their

13  respective native format with all associated Metadata intact and, if such electronic Documents or

14  ESI are no longer available in their native formats for any reason, please Identify the reasons such

15  native format Documents are no longer so available and the Dates each such Document became

16  unavailable.

17        11.     Upon producing any Document requested, You are instructed to indicate to which

18  of the numbered Requests for Production the Document is being produced in response. You may

19  do so by referencing Document numbers (*i.e.*, Bates Numbers).

20        12.     Under Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, all Documents are

21  to be produced in the form, order, and manner in which they are maintained in Your files.

22  Documents are to be produced in the folders, cartons, or containers in which they have been

23  maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which

24  they were found and in such a manner that the office and location from which they were produced

25  is readily identifiable. Whenever a Document or group of Documents is/are taken out of a file

26  folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of

27  the label on the file folder, file box, or notebook from which the Document or group of Documents

28

1   was removed.

2       13.   If any Document requested has been lost or destroyed since its creation, Identify the

3   nature of the Document (*e.g.*, letter, email, etc.), the Date the Document was authored, the Persons

4   who sent and received the original and any copy of the Document, a summary of the contents of

5   the Document and Describe when, where, how, and by whom said Document was lost or

6   destroyed, and state the name of the Person(s) who last had custody thereof.

7       14.   If, in responding to these Requests, You encounter any ambiguity in construing

8   either the Request or any Instruction relevant to the Request, You should nonetheless respond to

9   the Request, set forth the matter deemed ambiguous, and set forth the construction used in

10   responding to the Request.

11       15.   If You claim privilege as grounds for failing to produce any Document requested,

12   provide a privilege log that:

13         (i)    Identifies the author or originator of the Document, the Date authored or
originated, the identity of each Person to whom an original or a copy was
14               addressed or delivered, the identity of each Person known or reasonably
believed by You to have present possession, custody, or control thereof;

15

16         (ii)   Discusses the factual basis for Your claim of privilege in sufficient detail to
permit the Court to adjudicate the validity of that claim; and

17         (iii)  Produces so much of each such Document that does not contain privileged
information or Communications.

18       16.   "And" as well as "or" shall be construed either disjunctively or conjunctively as

19   necessary to bring within the scope of these Requests any information which might otherwise be

20   construed to be outside of their scope. Singular and plural words should be read so as to bring

21   within the scope of these Requests any information that might otherwise be construed to be outside

22   their scope. "Each" shall encompass "every."

23       17.   As used herein, the present tense shall include the past tense and vice-versa.

24       18.   Defined terms need not be capitalized to retain their defined meaning.

25       19.   Attachments. Email attachments and embedded files must be mapped to their parent

26   by the Document or production number. If attachments and embedded files are combined with

27

28

1   their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning

2   and end number for each attachment or embedded Document must be included.

3       20.    Bates Numbering. Each page of a produced Document or media upon which ESI in

4   native format is produced shall have a legible, unique page identifier "Bates Number"

5   electronically "burned" onto or associated with the media, or image in such a manner that

6   information from the source Document is not obliterated, concealed, or interfered with. There shall

7   be no other legend or stamp placed on the Document image unless a Document qualifies for

8   confidential treatment pursuant to the terms of a protective order in this litigation, or has been

9   redacted in accordance with applicable law or Court order. In the case of confidential materials, a

10   designation may be "burned" onto or otherwise associated with the Document's image at a

11   location that does not obliterate or obscure any information from the source Document. For

12   redacted material, the word "Redacted" should be burned onto the Document image over the

13   protected information. To the extent native files are produced, the producing party will name the

14   native file with the Bates number.

15       21.    Duplicates. To the extent that an exact duplicate ESI Document (based on

16   MD5 or SHA-1 hash values) resides within a party's data set, You may produce only

17   a single copy of a responsive Document. This de-duping should be done only on exact duplicate

18   Documents. Only Documents where the main Document and the attachments are exactly the same

19   will be considered exact duplicates. ESI with differing file names but identical hash values shall

20   not be considered duplicates. Exact duplicate shall mean bit-for-bit identicality with both

21   Document content and any associated Metadata. Where any such Documents have attachments,

22   hash values must be identical for both the Document-plus-attachment (Including associated

23   Metadata) as well as for any attachment (Including associated Metadata) standing alone.

24       22.    File Naming Conventions. Where production of .tiff images rather than native

25   format ESI is requested or agreed to, each Document image file produced shall be named with the

26   unique Bates Number of the first page of the Document, followed by the extension ".tif" or ".tiff."

27   To the extent separate text files are provided, text files should be named the same as the first tiff

28

image of the Document.

23.    Metadata shall be provided in connection with ESI requested and Includes, without limitation, file, application and system Metadata. The following list identifies the Metadata fields that shall be produced (to the extent available):

- Document number or production number (Including the Document start and Document end numbers). This should use the standard Bates Number in accordance with those used in previous productions.
- BeginAttach
- EndAttach
- Title/Subject
- Sent/Date and time (for emails only)
- Last Modified Date and time created Date and time (for e-docs)
- Received Date and time (for emails only)
- Author
- Recipients
- cc:
- bcc:
- Source (custodian)
- Hash Value
- File Path
- Media (type of media that the Document was stored on when it was collected)
- Page count
- Original file name
- Doc extension
- Full text
- Accessed Date & time
- Last print Date

24.    Production of Paper Documents. Production of paper-based original Documents (*i.e.*, Documents that were not first generated by a Computer, such as hand written memoranda) shall be produced in hard-copy manner.

25.    Structured Data. Structured data such as relevant database information shall be produced in native data format, together with any associated database schema necessary to render such data reasonably usable.

26.    For any term used herein which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible.

### III. Documents Requested

**DOCUMENT REQUEST NO. 1**

All Documents that You relied upon, reviewed, referenced, or consulted in drafting Your: (i) Answers to Plaintiff Garcia's First Set of Interrogatories to Defendant Lyft, Inc., (ii) Responses to Plaintiff Garcia's First Set of Requests for Documents to Defendant Lyft, Inc., and (iii) Responses to Plaintiff Garcia's First Set of Requests to Admit Facts to Defendant Lyft, Inc.

**DOCUMENT REQUEST NO. 2**

All Documents that You relied upon, reviewed, referenced, or consulted in drafting Your Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Class Action Complaint (Dkt. 34).

**DOCUMENT REQUEST NO. 3**

All Documents Relating To Your Use of Users' Personal Information.

**DOCUMENT REQUEST NO. 4**

All Documents Relating To Your Disclosure of Users' Personal Information to any Recipient(s).

**DOCUMENT REQUEST NO. 5**

All Documents Relating To Your Disclosure of any information Relating To Users' Facebook profiles to Recipients.

**DOCUMENT REQUEST NO. 6**

All Documents Relating To Your policies, whether formal or informal, regarding the Use of Users' Personal Information.

**DOCUMENT REQUEST NO. 7**

All Documents Relating To Your policies, whether formal or informal, regarding the Disclosure of Users' Personal Information to Recipients.

**DOCUMENT REQUEST NO. 8**

All Documents Relating To any Recipient's policies or procedures regarding the Use or

1  Disclosure of Users' Personal Information.

2  **DOCUMENT REQUEST NO. 9**

3      All Documents Relating To any policies or procedures You Use to obtain or verify written

4  consent from Users to Disclose their Personal Information to Recipients.

5  **DOCUMENT REQUEST NO. 10**

6      All Documents that reference or Relate To Plaintiff.

7  **DOCUMENT REQUEST NO. 11**

8      All Documents containing or Identifying Plaintiff's Personal Information that You

9  Disclosed to any Recipient.

10  **DOCUMENT REQUEST NO. 12**

11      All Documents containing or Identifying Users' Personal Information that You Disclosed

12  to any Recipient.

13  **DOCUMENT REQUEST NO. 13**

14      All Documents Related To any contracts, agreements, or written understandings between

15  You and any Recipient.

16  **DOCUMENT REQUEST NO. 14**

17      All Documents that Relate To or reference Mixpanel, Including any contracts, agreements,

18  or written understandings between You and Mixpanel.

19  **DOCUMENT REQUEST NO. 15**

20      All Documents Relating To any contracts, agreements, or written understandings between

21  You and Facebook.

22  **DOCUMENT REQUEST NO. 16**

23      All Documents Relating To information You Use Relating To Users' Facebook profiles,

24  Including unique identifiers, usernames, or hyperlinks.

25  **DOCUMENT REQUEST NO. 17**

26      All Documents Relating To any benefits (monetary or otherwise) You received as a result

27  of Disclosing Users' Personal Information.

28

**DOCUMENT REQUEST NO. 18**

All Documents Relating To benefits (monetary or otherwise) that any Recipient, Including Mixpanel, received as a result of Disclosing Users' Personal Information.

**DOCUMENT REQUEST NO. 19**

All Documents Relating To the purposes for which Users' Personal Information was Used or intended to be Used by any Recipient.

**DOCUMENT REQUEST NO. 20**

All Documents exchanged between You and Enterprise Relating To Users' Personal Information.

**DOCUMENT REQUEST NO. 21**

All Documents exchanged between You and any User Relating To the Use and Disclosure of Users' Personal Information.

**DOCUMENT REQUEST NO. 22**

All Documents Relating To contracts, amendments to contracts, agreements, and written understandings between You and Users.

**DOCUMENT REQUEST NO. 23**

All versions of every Document that You contend govern Your relationship with Users during the Relevant Time Period, Including all user agreements and privacy policies.

**DOCUMENT REQUEST NO. 24**

All Documents Relating To any changes You made to Your contracts, agreements, or understandings with Users regarding Your ability to Use their Personal Information.

**DOCUMENT REQUEST NO. 25**

All Documents Relating To any changes You made to Your contracts, agreements, or understandings with Users regarding Your ability to Disclose their Personal Information.

**DOCUMENT REQUEST NO. 26**

All Documents Relating To or evidencing Users' written consent Relating To the Use or Disclosure of their Personal Information.

**DOCUMENT REQUEST NO. 27**

All Documents Identifying the total number of Users who Posted a Ride on Zimride.

**DOCUMENT REQUEST NO. 28**

All Documents Identifying the total number of Users who searched for a ride on Zimride.

**DOCUMENT REQUEST NO. 29**

All Documents Identifying the total number of Users who signed up to use Zimride.

**DOCUMENT REQUEST NO. 30**

All Documents Identifying the total number of Users who used their Facebook login credentials to sign up to use Zimride.

**DOCUMENT REQUEST NO. 31**

All Documents Identifying Users' geographic location or state of residence.

**DOCUMENT REQUEST NO. 32**

All Documents Relating To any Person's pending requests or orders for access to Users' Personal Information.

**DOCUMENT REQUEST NO. 33**

All Documents Relating To any formal or informal complaints by any Person against You Relating To Your Disclosure of Users' Personal Information to Recipient(s).

**DOCUMENT REQUEST NO. 34**

All source code Related To Zimride.

**DOCUMENT REQUEST NO. 35**

All Documents Related To any changes made to the Zimride source code.

**DOCUMENT REQUEST NO. 36**

All Documents that Relate To unique identifiers You or any Recipients Use to identify Users, Including "DistinctID," "Distinct_id," "unique identifier," "GUIDs," Facebook identifiers, and Facebook IDs.

**DOCUMENT REQUEST NO. 37**

All Documents Relating To the Mixpanel Library.

1    **DOCUMENT REQUEST NO. 38**

2       All Documents Relating To Enterprise's acquisition of Zimride from You.

3    **DOCUMENT REQUEST NO. 39**

4       All Documents Relating To Your compliance with the California Privacy Act, Cal. Penal

5   Code §§ 630, *et seq.*

6    **DOCUMENT REQUEST NO. 40**

7       All Documents Relating To any Recipient's compliance with the California Privacy Act,

8   Cal. Penal Code §§ 630, *et seq.*

9    **DOCUMENT REQUEST NO. 41**

10       All Documents Relating To training materials, employee handbooks, internal memoranda,

11   internal guidelines, informal guidelines, and instructions of any kind that You provided to Your

12   Employees Relating To the Disclosure of Users' Personal Information.

13    **DOCUMENT REQUEST NO. 42**

14       All Documents Relating To the process through which Users Post a Ride through Zimride.

15    **DOCUMENT REQUEST NO. 43**

16       All Documents Relating To the process through which Users search for a ride through

17   Zimride.

18    **DOCUMENT REQUEST NO. 44**

19       All Documents Relating To or evidencing any changes that You made to the process

20   through which Users Post a Ride through Zimride.

21    **DOCUMENT REQUEST NO. 45**

22       All Documents Relating To or evidencing any changes that You made to the process

23   through which Users search for a ride through Zimride.

24    **DOCUMENT REQUEST NO. 46**

25       All Documents Relating To the Complaint.

26    **DOCUMENT REQUEST NO. 47**

27       All Documents Related To Your investigation of the facts underlying the Complaint.

28

**DOCUMENT REQUEST NO. 48**

Any expert or consulting reports prepared by You or on Your behalf Relating To any of the matters alleged in the Complaint.

**DOCUMENT REQUEST NO. 49**

Any joint defense agreement between You and any other Person Relating To the subject matter of the Complaint.

**DOCUMENT REQUEST NO. 50**

All Documents Related To any insurance agreements or policies Relating To the subject matter of this lawsuit, Including the policies themselves.

**DOCUMENT REQUEST NO. 51**

All Documents Related To any litigation hold put in place by You, Enterprise, or any other company affiliated with You after the filing of Plaintiff's Complaint.

**DOCUMENT REQUEST NO. 52**

All Documents Relating To any partnerships or contracts between You and any college, university, or other educational institution, Including Stanford University.

**DOCUMENT REQUEST NO. 53**

For all Documents requested and/or produced, produce all corresponding uncompiled source and object codes, including database queries, written to generate any such Document.

1

2

3

Dated: June 5, 2014

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**MIGUEL GARCIA**, individually and on behalf of
all others similarly situated,

By: _____
One of Plaintiff's Attorneys

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative
Classes*

1                                **CERTIFICATE OF SERVICE**

2       I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the

3   foregoing *Plaintiff Garcia's First Set of Requests for Documents to Defendant Lyft, Inc.* by

4   causing true and accurate copies of such paper to be transmitted via electronic mail and USPS to

5   the following individuals:

6   Jennifer A. Huber

7   Michelle S. Ybarra
    Rachel E. Meny

8   KEKER & VAN NEST LLP
    633 Battery Street

9   San Francisco, California 94111-1809
    jhuber@kvn.com

10   mybarra@kvn.com
    rmeny@kvn.com

11   Telephone: 415.391.5400

12   Facsimile: 415.397.7188

13   *Counsel for Defendant Lyft, Inc.*

14

15

16                       Benjamin S. Thomassen

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation,<br><br>*Defendants.* | Case No. 4:14-cv-00596-SBA<br><br>**PLAINTIFF GARCIA'S FIRST SET OF INTERROGATORIES TO DEFENDANT LYFT, INC.**<br><br>Judge: Hon. Saundra B. Armstrong<br><br>Action Filed: February 7, 2014 |

1       Plaintiff Miguel Garcia, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

2 requests that Defendant Lyft, Inc. ("Lyft"), answer the following Interrogatories within thirty (30)

3 days of service of this request, supplement answers up to and including the time of trial pursuant to

4 Fed. R. Civ. P. 26(e)(2), and make service of said answers upon Plaintiff's counsel.

### I. Definitions

6     1.    "Communication" or "Communications" means the transmittal of information,

7 facts, or ideas, Including communications in the form of any discussion, conversation, inquiry,

8 negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence,

9 note, memorandum, e-mail message, instant message, text message, electronic chat, telegram,

10 audio recording, advertisement, or other form of exchange of words, whether oral or written.

11 "Communication" or "Communications" also means all written and unwritten but recorded

12 correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in

13 margin notes or annotations, Including memos, letters analog or digital recordings, audio

14 recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things

15 sent or received by You to or from any entity, Including files maintained or exchanged internally

16 within Your business or with Your Employees.

17     2.    "Complaint" means Plaintiff's First Amended Class Action Complaint filed in the

18 United States District Court for the Northern District of California on March 28, 2014 (Dkt. 29).

19     3.    "Computer" means all data processing equipment, Including central processing

20 units (CPUs), whether contained in a server or free-standing computer, laptop, PDA, or similar

21 device that may contain data storage capabilities, irrespective of whether such computing platform,

22 infrastructure or storage is virtualized, whether that data be structured or unstructured, and also

23 Including any equipment where computer files (Including records, documents, logs, and any other

24 contiguous or non-contiguous bit strings), hidden system files or Metadata presently reside, such as

25 hard disk drives, optical disk drives, removable media, such as floppy disk drives, CD-ROM and

26 DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer

27 magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage

28

1  media or system of whatever name or description. "Computer" also refers to all digital image

2  evidence that may be stored on any type of hardware used to store or manipulate electronic images,

3  Including microfilm, microfiche and their repositories and readers, or design or engineering

4  Computer systems and regardless of any digital image's format, Including .jpg, .bmp, or some

5  other advanced or proprietary form of digital image format, such as CAD layered drawings.

6  "Computer" also refers to sources of digital evidence that may not presently be in use by You or

7  may have been deleted from Your active systems, whether the source is a backup tape or disk,

8  some other data retention system or some form of disaster recovery system. "Computer" also refers

9  to places where digital evidence may reside that may have been deleted from Your active files and

10  which may not be readily recoverable from a backup medium, such as Metadata.

11      4.      "Date" means the exact year, month and day, if known, or, if not known, Your best

12  approximation thereof.

13      5.      "Describe" when used in relation to any process, policy, act or event means explain

14  the process, policy, act or event in complete and reasonable detail, stating the time, Date, and

15  location, Identifying all Persons participating or present, and Identifying all Documents Relating

16  thereto.

17      6.      "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means

18  to sell, transmit, transfer, relay, trade, or provide.

19      7.      "Document" or "Documents" means any writings, letters, telegrams, memoranda,

20  correspondence, Communications, email messages, memoranda or notes of conferences or

21  telephone conversations, reports, studies, lists, compilations of data, papers, books, records,

22  contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, Computer

23  data files, printouts, accounting statements, mechanical and electrical recordings, checks,

24  pleadings, and other tangible things upon which any handwriting, typing, printing, drawing,

25  representation, photostatic, or other magnetic or electrical impulses or other form of

26  Communication is recorded, stored or produced, Including audio and video recordings and ESI

27  (Including e-mails, web pages, websites, Computer discs, Computer programs and Computer files,

28

1   Including, where applicable, compiled and uncompiled source code), whether or not in printout

2   form. These terms shall also mean copies of Documents even though the originals are not in Your

3   possession, custody or control; every copy of a Document which contains handwritten or other

4   notations or which otherwise does not duplicate the original of any other copy; all attachments to

5   any Documents; and any other Documents, item and/or information discoverable under federal law

6   and procedure, Including, without limitation, the items referenced in Federal Rule of Civil

7   Procedure 34(a)(1).

8         8.      "Electronically Stored Information" or "ESI" as used herein means Computer

9   generated information or data of any kind, stored on Computers, file servers, disks, tape or other

10  devices or media, or otherwise evidenced by recording on some storage media, whether real,

11  virtual, or cloud-based.

12        9.      "Employee" or "Employees" means all present and former officers, directors,

13  agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

14        10.     "Enterprise" means Defendant Enterprise Holdings, Inc. and its divisions,

15  subsidiaries, related companies, predecessors and successors, all present and former officers,

16  directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

17  of them.

18        11.     "Identify," when used with respect to a natural person, means to state the person's

19  full name, present or last-known business affiliation and position, past and present home address,

20  and past position and business affiliation, if any, with any of the parties herein.

21        12.     "Identify," when used with respect to a company or other business entity, means to

22  state the company's legal name, the names under which it does business, its form (*e.g.*, partnership,

23  corporation, etc.), the address of its principal place of business, and to identify its principal

24  proprietors, officers or directors.

25        13.     "Identify," when used with respect to a Document, means to state the Date(s)

26  prepared, drafted or generated, the author(s), intended and actual recipient(s), type of Document

27  (*e.g.*, "letter," "Terms of Service" or "email"), and to identify its last known custodian or location.

28

14.     "Identify," when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, Date, location; identify all Persons participating or present; and identify all Documents Relating thereto.

15.     "Identify," when used with respect to a Communication, means to state the type of Communication (*e.g.*, telephone discussion, email, face-to-face, etc.), the name and present address of each Person present during the Communication or who otherwise observed or heard the Communication, and to state the subject matter of the Communication and the Date on which it occurred. If the Communication was in writing, identify all Documents that Relate or are Related To the Communication in the manner provided above.

16.     "Includes" and "Including" means "including, but not limited to;" "Includes" means "includes, but not limited to."

17.     "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

18.     "Metadata" means and refers to data about data, Including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a Computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

19.     "Person" means any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

20.     "Plaintiff" means Plaintiff Miguel Garcia.

21.     "Personal Information" means any information about an individual, Including an individual's (1) name; (2) telephone number; (3) mailing address; (4) age or date of birth; (5) email address; (6) credit card numbers or any financial or other sensitive information; (7) zip code or

geographic location; (8) unique identifiers, Including but not limited to "DistinctIDs," unique

Facebook usernames, Facebook IDs, URLs, or hyperlinks; (9) trip details, Including carpool

routes; or (10) any other data or information about an individual.

22.    "Recipient" means any Person, excluding Your Employees, to whom You

Disclosed Users' Personal Information.

23.    "Relating To," Including its various forms such as "Relates To," means to consist

of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

legally connected, directly or indirectly, with the matter described.

24.    "Relevant Time Period," means 2007 until the present. Unless otherwise indicated,

all Requests shall refer to the Relevant Time Period.

25.    "Use," Including its various forms such as "Using" or "Usage" means to collect,

obtain, procure, retain, compile, receive, acquire, or access.

26.    "User" means any individual who has a Zimride by Lyft account.

27.    "You," "Your," or "Lyft" means Defendant Lyft, Inc. and its divisions,

subsidiaries, related companies, predecessors, successors, all present and former officers, directors,

agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

28.    "Zimride by Lyft" means any application, software, or other technology branded or

referred to as "Zimride" and operated, maintained, or licensed by You through which Persons may

post a ride or search for a ride posted by another Person.

## II. Instructions

1.    The person responding to an Interrogatory should have knowledge to answer said

Interrogatory. If another person has superior knowledge on certain questions, that other person

should respond to that Interrogatory and be so designated. If such person is unavailable, that

person should be fully identified and the nature and scope of their knowledge and the reasons that

such person's knowledge is or is believed to be superior, explained fully.

2.    In responding to these Interrogatories, furnish all information, however obtained,

Including hearsay that is available to You and any information known by You, in Your possession,

1   or appearing in Your records.

2       3.    These are intended as continuing requests having within them a duty to timely

3   supplement the responses until and during the course of trial. Information sought by these

4   Interrogatories that You obtain after You serve Your responses must be disclosed to Plaintiff by

5   supplementary responses.

6       4.    It is intended by this set of Interrogatories to illicit information not merely within

7   Your knowledge, but obtainable by You or on Your behalf.

8       5.    You may not claim lack of information or knowledge as grounds for failing to

9   respond to any Interrogatory or as grounds for giving an incomplete or partial response to any

10   Interrogatory without exercising due diligence to secure the full information needed to do so.

11   Where You rely or respond based on information provided to You from any other person, fully

12   Identify that person and how You obtained the information from them. Where You rely on

13   information in any Document, specifically Identify the Document and Identify the person who has

14   custody of that Document.

15       6.    If You cannot respond to an Interrogatory in full after exercising due diligence to

16   secure the full information needed to do so, so state and respond to the extent possible, specifying

17   Your inability to respond to the remainder, stating whatever information or knowledge You have

18   concerning the unresponded-to portion and detailing what You did in attempting to secure the

19   unknown information.

20       7.    If You object to any Interrogatory on the basis that the time period covered by the

21   request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider

22   proper for that request and answer the request for that time period, preserving Your objection to

23   the remainder of the time period.

24       8.    If You object or otherwise refuse to respond to any portion of any Interrogatory,

25   You shall (1) state the nature and basis of the objection or reason for such refusal in sufficient

26   fashion to permit the Court to rule on the validity of the objection; and (2) answer all portions of

27   such Interrogatory that are not claimed to be objectionable.

28

9.      If You object to answering all or any part of any Interrogatory on the grounds of privilege or work product, You are required to Identify the privileged Document(s) or Communication(s), and with respect to each such privileged responsive Document or Communication Identify:

(a)     the Date appearing on such Document, or if no Date appears, the Date on which such Document or ESI was prepared;

(b)     ESI Metadata creation, revision, transmission, receipt, and last access Dates;

(c)     the name of each person to whom such Document or ESI was addressed;

(d)     the name of each person, other than the addressee(s) identified in subparagraph (c) above, to whom such Document or ESI, or copy thereof was sent, or with whom such Document was discussed;

(e)     the name of each person who signed such Document or ESI, if not signed, the name of each person who prepared it;

(f)     the name of each person making any contribution to the authorship of such Document or ESI;

(g)     the job title or position of each person identified in subparagraph (c), (d), (e), and (f) above;

(h)     the Date such Document or ESI was received or discussed by each person identified in subparagraphs (c) or (d) above;

(i)     the general nature or description of such Document or ESI, and, where applicable, its number of pages;

(j)     the name of each person who currently has custody of such Document or ESI; and

(k)     the specific ground(s) upon which the privilege or work product rests.

10.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

11.     As used herein, the present tense shall include the past tense and vice-versa.

1     12.    Defined terms need not be capitalized to retain their defined meaning.

2     13.    For any term used herein that is not otherwise specifically defined, the common and

3 usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved

4 so as to construe these Interrogatories as broadly as possible.

5     14.    When these Interrogatories refer to a "specific location," they contemplate a level of

6 detail that would allow counsel to independently locate an item without significant assistance.

7 Thus, when these Interrogatories request the specific location of digital media, an acceptable

8 answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

9     15.    If You are producing any Document in lieu of answering any of the Interrogatories

10 stated herein, all Documents are to be produced in the form, order, and manner in which they are

11 maintained in Your files, and You must state in Your answer which Documents are responsive.

12 Documents are to be produced in the folders, cartons, or containers in which they have been

13 maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which

14 they were found and in such a manner that the office and location from which they were produced

15 is readily identifiable. Whenever a Document or group of Documents is taken out of a file folder,

16 file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label

17 on the file folder, file box, or notebook from which the Document or group of Documents was

18 removed. All ESI should be produced in native format, reasonably usable, and verifiably

19 responsive to the pertinent request(s) and processable using readily available tools.

### III. Interrogatories

### INTERROGATORY NO. 1

    Identify all Person(s) who assisted in the preparation of or who have knowledge of the

statements made in Your Responses to these Interrogatories, Plaintiff Garcia's First Set of

Requests for Documents to Defendant Lyft, Inc., and Plaintiff Garcia's First Set of Requests to

Admit Facts to Defendant Lyft, Inc. For each Person Identified, state the Person's employer and

their position or title, Describe in detail their knowledge relevant to these proceedings, and, if

applicable, Identify the Interrogatories, Requests for Production, or Requests to Admit that they

1   assisted in answering.

2   **INTERROGATORY NO. 2**

3       Identify and Describe any of Your policies or procedures, whether written or oral, formal

4   or informal, Relating To Your Use or Disclosure of Users' Personal Information, Including the

5   Date(s) that each policy was implemented.

6   **INTERROGATORY NO. 3**

7       Identify and Describe all categories or types of Users' Personal Information that You

8   collect or have access to, Including the source of such Personal Information (e.g., Facebook, etc.).

9   **INTERROGATORY NO. 4**

10      For each category or type of Personal Information Identified in your response to

11  Interrogatory No. 3, Identify and Describe every way that You Use such Personal Information.

12  **INTERROGATORY NO. 5**

13      Identify and Describe every instance in which You Disclosed Users' Personal Information

14  (or caused such Personal Information to be Disclosed) to Recipients, Including the categories or

15  types of Personal Information Disclosed, the Date of each Disclosure, every purpose/reason for

16  each Disclosure, and the Recipient of the Personal Information.

17  **INTERROGATORY NO. 6**

18      For each Recipient Identified in Your response to Interrogatory No. 5, Identify and

19  Describe whether and how the Recipient Used Users' Personal Information.

20  **INTERROGATORY NO. 7**

21      For each Recipient Identified in Your response to Interrogatory No. 5, Identify all

22  contracts, agreements, and/or other written or oral understandings between You and each such

23  Recipient.

24  **INTERROGATORY NO. 8**

25      For each instance in which you Disclosed Users' Personal Information (i.e., as Identified in

26  Your response to Interrogatory No. 5), Describe whether and how you obtained Users' written

27  consent for such Disclosure.

28

**INTERROGATORY NO. 9**

Identify any benefits (e.g., compensation or consideration, whether monetary or otherwise) You received in exchange for the Disclosure of Users' Personal Information, Including the sources of any such benefits, broken down by year.

**INTERROGATORY NO. 10**

Identify the total number of Users in each of the seven years prior to the date of the filing of the Complaint, broken down by year and state of residence.

**INTERROGATORY NO. 11**

Identify and Describe any changes You made to Your processes or policies for obtaining written consent from Users Relating to the Use or Disclosure of Personal Information, Including the Date of any such changes.

**INTERROGATORY NO. 12**

Identify and Describe any changes You made to the Zimride by Lyft "Terms of Service," "Privacy Policy," or any other form agreement that You contend governs Your Use or Disclosure of Users' Personal Information, Including the Date of any such changes.

**INTERROGATORY NO. 13**

Identify and Describe any substantive changes You made to any source code Related to the Disclosure of Personal Information to Recipients through the Zimride by Lyft platform, Including the Dates of any such changes.

**INTERROGATORY NO. 14**

Describe Your relationship with Mixpanel, Including every purpose for which You Disclosed Users' Personal Information to Mixpanel.

1

2

3

4    Dated: June 5, 2014

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**MIGUEL GARCIA,** individually and on behalf of
all others similarly situated,

By: _____
    One of Plaintiff's Attorneys


Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative
Classes*

1

**CERTIFICATE OF SERVICE**

2    I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the

3    foregoing *Plaintiff Garcia's First Set of Interrogatories to Defendant Lyft, Inc.* by causing true

4    and accurate copies of such paper to be transmitted via electronic mail and USPS to the following

5    individuals:

6

7    Jennifer A. Huber
     Michelle S. Ybarra

8    Rachel E. Meny
     KEKER & VAN NEST LLP

9    633 Battery Street
     San Francisco, California 94111-1809

10   jhuber@kvn.com
     mybarra@kvn.com

11   rmeny@kvn.com

12   Telephone: 415.391.5400
     Facsimile:  415.397.7188

13
     *Counsel for Defendant Lyft, Inc.*

14

15

16                                                   Benjamin S. Thomassen

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation,<br><br>*Defendants.* | Case No. 4:14-cv-00596-SBA<br><br>**PLAINTIFF GARCIA'S FIRST SET OF REQUESTS TO ADMIT FACTS TO DEFENDANT LYFT, INC.**<br><br>Judge: Hon. Saundra B. Armstrong<br><br>Action Filed: February 7, 2014 |

PLAINTIFF'S FIRST REQUESTS TO ADMIT
FACTS TO DEF. LYFT, INC.

CASE NO. 4:14-cv-00596-SBA

1    Plaintiff Miguel Garcia, pursuant to Rule 36 of the Federal Rules of Civil Procedure,

2    requests that Defendant Lyft, Inc. ("Lyft"), admit or deny the following under oath within thirty

3    (30) days of service of this request.

### I. Definitions

5    1.    "Date" means the exact year, month, and day, if known, or if not known, Your best

6    approximation thereof.

7    2.    "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means

8    to sell, transmit, transfer, relay, trade, or provide.

9    3.    "Employee" or "Employees" means all present and former officers, directors,

10   agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

11   4.    "Enterprise" means Defendant Enterprise Holdings, Inc. and its divisions,

12   subsidiaries, related companies, predecessors and successors, all present and former officers,

13   directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

14   of them.

15   5.    "Facebook" means Facebook, Inc. and its divisions, subsidiaries, related

16   companies, predecessors and successors, all present and former officers, directors, agents,

17   attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

18   6.    "Facebook User" means a User that signed in to Zimride by Lyft using Facebook

19   login credentials (i.e., versus individuals that "[l]og in with old email account," as that phrase is

20   used on the Zimride Website).

21   7.    "Including" means "including, but not limited to"; "Includes" means "includes, but

22   not limited to."

23   8.    "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies,

24   predecessors and successors, all present and former officers, directors, agents, attorneys,

25   Employees, and all Persons acting or purporting to act on behalf of any of them.

26   9.    "Mixpanel Library" means any file containing Javascript, PHP, or other code that is

27   supplied or hosted by Mixpanel.

28

1    10.    "Person" means any natural person, corporation, partnership, association,

2  organization, joint venture, or other entity of any type or nature.

3    11.    "Post a Ride" or "Posting a Ride" means the process that is initiated by clicking the

4  yellow "Post a Ride" button that appears at the top of the Zimride Website, and completed by

5  clicking the green "Post Ride" button, or any substantially similar process that was facilitated by

6  the Zimride by Lyft Website.

7    12.    "Personal Information" means any information about an individual, including an

8  individual's (1) name; (2) telephone number; (3) mailing address; (4) age or date of birth; (5) email

9  address; (6) credit card numbers or any financial or other sensitive information; (7) zip code or

10  geographic location; (8) unique identifiers, Including "Distinct IDs," unique Facebook usernames,

11  Facebook IDs or hyperlinks; (9) trip details, Including carpool routes; or (10) any other data that

12  may personally identify an individual.

13    13.    "Recipient" means any Person, excluding Your Employees, to whom You

14  Disclosed Users' Personal Information.

15    14.    "Relating To," Including its various forms such as "Relates To," means to consist

16  of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

17  legally connected, directly or indirectly, with the matter described.

18    15.    "Relevant Time Period," means 2007 until July 10, 2013 or the Date of Enterprise's

19  acquisition of Zimride, whichever is later. Unless otherwise indicated, all Requests shall refer to

20  the Relevant Time Period.

21    16.    "Use," Including its various forms such as "Using" or "Usage" means to collect,

22  obtain, procure, retain, compile, receive, acquire, or access.

23    17.    "User" means any individual who had a Zimride by Lyft account.

24    18.    "Website" means, individually and/or collectively, any website through which

25  Users could access Zimride by Lyft, Including but not limited to the website located at

26  www.zimride.com and its subdomains.

27    19.    "You," "Your," or "Lyft" means Defendant Lyft, Inc. and its divisions,

28

1  subsidiaries, related companies, predecessors and successors, all present and former officers,

2  directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

3  of them.

4    20.  "Zimride by Lyft" means any application, software, or technology branded as

5  "Zimride" that You operated, licensed, or maintained and through which Persons could post a ride

6  or search for a ride posted by another Person.

7    21.  "Zimride Profile" means a User's personal profile page that was viewable on and

8  accessible through the Zimride by Lyft Website (by, for example, clicking on the "View/edit

9  profile" hyperlink).

10              ***II. Instructions***

11    1.  A matter is admitted unless, within 30 days after being served, You serve on the

12  requesting party, through his counsel, a written answer or objection addressed to the matter and

13  signed by You or Your attorney.

14    2.  If a matter is not admitted, Your answer must specifically deny it or state in detail

15  why You cannot truthfully admit or deny it. A denial must fairly respond to the substance of the

16  matter, and when good faith requires that You qualify an answer or deny only a part of a matter,

17  Your answer must specify the part admitted and qualify or deny the rest. You may assert lack of

18  knowledge or information as a reason for failing to admit or deny only if You state that You have

19  made reasonable inquiry and that the information You know or can readily obtain is insufficient to

20  enable You to admit or deny.

21    3.  The grounds for objecting to a Request must be stated. You may not object solely

22  on the ground that the Request presents a genuine issue for trial.

23    4.  "And" as well as "or" shall be construed either disjunctively or conjunctively as

24  necessary to bring within the scope of these Requests any information which might otherwise be

25  construed to be outside of their scope. Singular and plural words should be read so as to bring

26  within the scope of these Requests any information that might otherwise be construed to be outside

27  their scope. "Each" shall encompass "every."

28

PLAINTIFF'S FIRST REQUESTS TO ADMIT    4     CASE NO. 4:14-cv-00596-SBA
FACTS TO DEF. LYFT, INC.

5. Defined terms need not be capitalized to retain their defined meaning.

### III. Requests to Admit

1. Admit that You owned and operated the Website located at the domain zimride.com.

2. Admit that Enterprise acquired Zimride from You in July of 2013.

3. Admit that the words "Zimride Carpool & Rideshare Community" appeared on pages of the Zimride by Lyft Website.

4. Admit that the words "Zimride is a social rideshare community" and "a new spin on ridesharing" appeared on pages of the Zimride by Lyft Website.

5. Admit that Zimride by Lyft helped some Users to form carpools.

6. Admit that Zimride by Lyft helped some Users to form rideshares.

7. Admit that You assisted universities to establish their own ridesharing or carpool programs using Zimride by Lyft.

8. Admit that You assisted corporate entities to establish their own ridesharing or carpool programs using Zimride by Lyft.

9. Admit that to sign up for Zimride by Lyft for the first time, an individual was required to "Sign up with Facebook" using his or her Facebook login credentials.

10. Admit that as of a certain date, individuals signing up for Zimride by Lyft for the first time were required to "Sign up with Facebook" using his or her Facebook login credentials.

11. Admit that for individuals that signed up for Zimride by Lyft using Facebook login credentials, each was required to click an "Okay" button on a login page that resided on Facebook's servers.

12. Admit that for individuals that signed up for Zimride by Lyft using Facebook login credentials, You Used data from such individuals' Facebook profiles to initially populate such individuals' Zimride Profiles.

13. Admit that for Facebook Users, You had access to data from such individuals' Facebook profiles.

1       14.     Admit that for Facebook Users, You had access to data from such individuals'

2  Facebook profiles, regardless of such individuals' Facebook privacy settings.

3       15.     Admit that when a User Posted a Ride using Zimride by Lyft, Personal Information

4  about that User was Disclosed to Mixpanel.

5       16.     Admit that when a User Posted a Ride using Zimride by Lyft, Personal Information

6  about that User was Disclosed to Mixpanel in a Base-64 encoded string.

7       17.     Admit that when a User Posted a Ride using Zimride by Lyft, Personal Information

8  about that User was Disclosed by You to Mixpanel.

9       18.     Admit that Zimride by Lyft Disclosed Personal Information between Users for the

10  purpose of facilitating carpools or rideshares.

11       19.     Admit that You had access to Users' Personal Information.

12       20.     Admit that You have access to Users' Personal Information.

13       21.     Admit that the Zimride by Lyft Website caused some Users' Internet browsers to

14  download the Mixpanel Library.

15       22.     Admit that the Zimride by Lyft Website was designed to cause some Users' Internet

16  browsers to download the Mixpanel Library.

17       23.     Admit that You did not inform Users that the Zimride by Lyft Website could cause

18  Users' Internet browsers to download the Mixpanel Library.

19       24.     Admit that You used unique identifier(s) to identify Users between different

20  sessions, browsers, computers, and mobile devices.

21       25.     Admit that You Disclosed Users' Personal Information to Mixpanel.

22       26.     Admit that You Disclosed Users' Personal Information to Recipient(s) other than

23  Mixpanel.

24       27.     Admit that You received benefits (monetary or otherwise) from Your Disclosure of

25  Users' Personal Information to Mixpanel.

26       28.     Admit that You received benefits (monetary or otherwise) from Your Disclosure of

27  Users' Personal Information to Recipient(s) other than Mixpanel.

28

1    29.    Admit that the Zimride by Lyft Website did not mention Mixpanel by name.

2    30.    Admit that You did not permit Users to opt out of having their Personal Information

3    Disclosed to Mixpanel.

4    31.    Admit that You Disclosed Users' Personal Information to Mixpanel for a purpose

5    other than establishing or implementing a carpooling or ridesharing program.

6    32.    Admit that You Disclosed Users' Personal Information to Recipients other than

7    Mixpanel for a purpose other than establishing or implementing a carpooling or ridesharing

8    program.

1

Respectfully submitted,

2

**MIGUEL GARCIA,** individually and on behalf of
all others similarly situated,

3

Dated: June 5, 2014

4

By: _____
One of Plaintiff's Attorneys

5

6

Mark Eisen (SBN - 289009)
meisen@edelson.com

7

EDELSON PC
555 West Fifth Street, 31st Floor

8

Los Angeles, California 90013
Tel: 213.533.4100

9

Fax: 213.947.4251

10

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com

11

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com

12

Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com

13

Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com

14

Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com

15

EDELSON PC
350 North LaSalle Street, Suite 1300

16

Chicago, Illinois 60654
Tel: 312.589.6370

17

Fax: 312.589.6378

18

*Attorneys for Plaintiff Miguel Garcia and the Putative
Classes*

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the

3  foregoing *Plaintiff Garcia's First Set of Requests to Admit Facts to Defendant Lyft, Inc.* by

4  causing true and accurate copies of such paper to be transmitted via electronic mail and USPS to

5  the following individuals:

6

7  Jennifer A. Huber
   Michelle S. Ybarra

8  Rachel E. Meny
   KEKER & VAN NEST LLP

9  633 Battery Street
   San Francisco, California 94111-1809

10  jhuber@kvn.com
    mybarra@kvn.com

11  rmeny@kvn.com

12  Telephone: 415.391.5400
    Facsimile:  415.397.7188

13

    *Counsel for Defendant Lyft, Inc.*

14

15

16                                              Benjamin S. Thomassen

17

18

19

20

21

22

23

24

25

26

27

28