1 | KEKER & VAN NEST LLP
  | RACHAEL E. MENY - #178514
2 | rmeny@kvn.com
  | JENNIFER A. HUBER - #250143
3 | jhuber@kvn.com
  | MICHELLE S. YBARRA - #260697
4 | mybarra@kvn.com
  | 633 Battery Street
5 | San Francisco, CA  94111-1809
  | Telephone:     (415) 391-5400
6 | Facsimile:     (415) 397-7188

7 | Attorneys for Defendant
  | LYFT, INC.
8 |
  | CROWELL & MORING LLP
9 | J. DANIEL SHARP - #131042
  | dsharp@crowell.com
10 | 275 Battery Street, 23rd Floor
   | San Francisco, CA  94111
11 | Telephone:  (415) 986-2800
   | Facsimile:  (415) 986-2827
12 |
   | Attorneys for Defendant
13 | ENTERPRISE HOLDINGS, INC.

14 |

15 |                       UNITED STATES DISTRICT COURT

16 |              NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| 17  MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
| 18 | **EXHIBIT D TO DISCOVERY LETTER BRIEF (VOL. II)** |
| 19               Plaintiff, | |
| 20       v. | |
| 21  ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC. d/b/a | Date Filed:  February 7, 2014 |
| 22  Zimride, a Delaware corporation, | Judge:  Hon. Saundra B. Armstrong |
| 23               Defendants. | |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT D

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
| *Plaintiff,* | **PLAINTIFF GARCIA'S FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT ENTERPRISE HOLDINGS, INC.** |
| *v.* | |
| ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation. | Judge: Hon. Saundra B. Armstrong |
| *Defendants.* | Action Filed: February 7, 2014 |

Plaintiff Miguel Garcia, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant Enterprise Holdings, Inc. ("Enterprise"), produce the following Documents for inspection and copying at the office of Edelson PC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654, within thirty (30) days of service of this request.

## *I. Definitions*

1.      "Communication" or "Communications" means the transmittal of information, facts or ideas, Including communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recording, advertisement or other form of exchange of words, whether oral or written. "Communication" or "Communications" also means all written and unwritten but recorded correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your Employees.

2.      "Complaint" means Plaintiff's First Amended Class Action Complaint filed in the United States District Court for the Northern District of California on March 28, 2014 (Dkt. 29).

3.      "Computer" means all data processing equipment, Including central processing units (CPUs), whether contained in a server or free-standing computer or laptop or PDA or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure or storage is virtualized, whether that data be structured or unstructured, and Including any equipment where computer files (Including records, documents, logs, and any other contiguous or non-contiguous bit strings), hidden system files, or Metadata presently reside, such as hard disk drives, optical disk drives, removable media such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices, or any other similar electronic

1   storage media or system of whatever name or description. "Computer" also refers to all digital

2   image evidence that may be stored on any type of hardware used to store or manipulate electronic

3   images, Including microfilm, microfiche and their repositories and readers, or design or

4   engineering computer systems and regardless of any digital image's format, Including .jpg, .bmp,

5   or some other advanced or proprietary form of digital image format, such as CAD layered

6   drawings. "Computer" also refers to sources of digital evidence that may not presently be in use by

7   You or may have been deleted from Your active systems, whether the source is a backup tape or

8   disk, some other data retention system or some form of disaster recovery system. "Computer" also

9   refers to places where digital evidence may reside that may have been deleted from Your active

10  files and which may not be readily recoverable from a backup medium, such as Metadata.

11      4.      "Date" means the exact year, month, and day, if known, or if not known, Your best

12  approximation thereof.

13      5.      "Describe" when used in relation to any process, policy, act, or event means to

14  explain the process, policy, act, or event in complete and reasonable detail, stating the time, Date,

15  and location, Identifying all Persons participating or present, and Identifying all Documents

16  Relating thereto.

17      6.      "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means

18  to sell, transmit, transfer, relay, trade, or provide.

19      7.      "Document" or "Documents" shall mean any writings, letters, telegrams,

20  memoranda, correspondence, Communications, email messages, memoranda or notes of

21  conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books,

22  records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm,

23  Computer data files, printouts, accounting statements, mechanical and electrical recordings,

24  checks, pleadings, and other tangible things upon which any handwriting, typing, printing,

25  drawing, representation, photostatic, or other magnetic or electrical impulses or other form of

26  Communication is recorded, stored, or produced, Including audio and video recordings and ESI

27  (Including e-mails, web pages, websites, Computer discs, Computer programs, and Computer files,

28

1   Including, where applicable, compiled and uncompiled source code), whether or not in printout

2   form. These terms shall also mean copies of Documents even though the originals are not in Your

3   possession, custody or control; every copy of a Document which contains handwritten or other

4   notations or which otherwise does not duplicate the original of any other copy; all attachments to

5   any Documents; and any other Documents, items and/or information discoverable under federal

6   law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil

7   Procedure 34(a)(1).

8       8.      "Electronically Stored Information" or "ESI" as used herein, means Computer

9   generated information or data of any kind stored on Computers, file servers, disks, tape or other

10  devices or media, or otherwise evidenced by recording on some storage media, whether real,

11  virtual, or cloud-based.

12      9.      "Employee" or "Employees" means all present and former officers, directors,

13  agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

14      10.     "Facebook" means Facebook, Inc. and its divisions, subsidiaries, related companies,

15  predecessors and successors, all present and former officers, directors, agents, attorneys,

16  Employees, and all Persons acting or purporting to act on behalf of any of them.

17      11.     "Identify," when used with respect to a natural person, means to state the person's

18  full name, present or last known business affiliation and position, past and present home address,

19  and past position and business affiliation, if any, with any of the parties herein.

20      12.     "Identify," when used with respect to a company or other business entity, means to

21  state the company's legal name, the names under which it does business, its form (*e.g.*, partnership,

22  corporation, etc.), the address of its principal place of business, and to Identify its principal

23  proprietors, officers or directors.

24      13.     "Identify," when used with respect to a Document, means to state the Date(s) the

25  Document was prepared, drafted, or generated, its author(s), intended and actual recipient(s), type

26  of Document (*e.g.*, "letter," "Terms of Service" or "email"), and to Identify its last known

27  custodian or location.

28

---

14.     "Identify," when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, Date, and location; Identify all Persons participating or present; and Identify all Documents Relating thereto.

15.     "Identify," when used with respect to a Communication, means to state the type of Communication (*e.g.*, telephone discussion, email, face-to-face, etc.), the name and present address of each Person present during the Communication or who otherwise observed or heard the Communication, and to state the subject matter of the Communication and the Date upon which it occurred. If the Communication was in writing, Identify all Documents that Relate To the Communication in the manner provided above.

16.     "Including" means "including, but not limited to;" "Includes" means "includes, but not limited to."

17.     "Lyft" means Defendant Lyft, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

18.     "Metadata" means and refers to data about data, Including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and validity of the electronic file as well as information generated automatically by the operation of a Computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

19.     "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

20.     "Mixpanel Library" means any file containing JavaScript, PHP, or other code that is supplied or hosted by Mixpanel.

21.     "Person" means any natural person, corporation, partnership, association,

1 │ organization, joint venture, or other entity of any type or nature.

2 │      22.   "Plaintiff" means Plaintiff Miguel Garcia.

3 │      23.   "Personal Information" means an individual's (1) name; (2) telephone number;

4 │ (3) mailing address; (4) age or date of birth; (5) email address; (6) credit card numbers or any

5 │ financial or other sensitive information; (7) zip code or geographic location; (8) unique identifiers,

6 │ Including "Distinct IDs," unique Facebook usernames, Facebook User IDs or hyperlinks; (9) trip

7 │ details, Including carpool routes; or (10) any other data or information about an individual.

8 │      24.   "Post a Ride" or "Posting a Ride" means the process that is initiated by clicking the

9 │ yellow "Post a Ride" button that appears at the top of the Zimride Website, and completed by

10 │ clicking the green "Post Ride" button, or any substantially similar process facilitated by the

11 │ Zimride Website.

12 │      25.   "Recipient" means any Person, excluding Your Employees, to whom You

13 │ Disclosed Users' Personal Information, Including Mixpanel.

14 │      26.   "Relating To," Including its various forms such as "Relates To," means to consist

15 │ of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

16 │ legally connected, directly or indirectly, with the matter described.

17 │      27.   "Relevant Time Period," means 2007 until the present. Unless otherwise indicated,

18 │ all Requests shall refer to the Relevant Time Period.

19 │      28.   "Use," Including its various forms such as "Using" or "Usage" means to collect,

20 │ obtain, procure, retain, compile, receive, acquire, or access.

21 │      29.   "User" means any individual who has a Zimride account.

22 │      30.   "You," "Your," or "Enterprise" means Defendant Enterprise Holdings, Inc. and its

23 │ divisions, subsidiaries, related companies, predecessors and successors, all present and former

24 │ officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on

25 │ behalf of any of them.

26 │      31.   "Zimride" means any application, software, or technology that is branded or

27 │ referred to as "Zimride" and through which Persons may post a ride or search for a ride posted by

28 │

1   another Person.

## II. Instructions

2   1.      The Person responding to a Request should have knowledge to answer said

3   Request. If another Person has superior knowledge as to certain Requests, that other Person should

4   respond to that Request and be so designated. If such Person is unavailable, that Person should be

5   fully Identified and the nature and scope of their knowledge and the reasons that such Person's

6   knowledge is or is believed to be superior explained fully.

7   2.      In responding to these Requests, furnish all information, however obtained,

8   Including hearsay, which is available to You and any information known by You, in Your

9   possession, or appearing in Your records.

10  3.      These are intended as continuing Requests that require You to timely supplement

11  Your responses until and during the course of trial.

12  4.      Information sought by these Requests that You obtain after You serve Your

13  responses must be disclosed to Plaintiff by supplementary responses.

14  5.      It is intended by this set of Requests to elicit information not merely within Your

15  knowledge, but obtainable by You or on Your behalf.

16  6.      You may not claim lack of information or knowledge as grounds for failing to

17  respond to any Request or as grounds for giving an incomplete or partial response to any Request

18  without exercising due diligence to secure the full information needed to do so. Where You rely or

19  respond based on information provided to You from any other Person, fully Identify that Person

20  and how You obtained the information from them. Where You rely on information in any

21  Document, specifically Identify the Document and Identify the Person who has custody of that

22  Document.

23  7.      If You cannot respond to a Request in full after exercising due diligence

24  to secure the full information needed to do so, so state and respond to the extent possible,

25  specifying Your inability to respond to the remainder, stating whatever information or knowledge

26  You have concerning the portion to which You did not respond and detailing Your attempts to

1    secure the unknown information.

2        8.    If You object to any Request on the basis that the time period covered by the
3    Request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider
4    proper for that Request and answer the Request for that time period, preserving Your objection to
5    the remainder of the time period.

6        9.    If You choose to provide in electronic media or machine-readable form (such as
7    Computer disk, cartridge, tape, punch cards, or other non-printed media) any responses,
8    Documents, or other materials in Your responses, You must provide all information and things
9    necessary for Plaintiff or his agents to fully access, read, and decode into plain English text all data
10   and files so provided.

11       10.    All Documents, ESI, file systems, and digital media are to be produced in their
12   respective native format with all associated Metadata intact and, if such electronic Documents or
13   ESI are no longer available in their native formats for any reason, please Identify the reasons such
14   native format Documents are no longer so available and the Dates each such Document became
15   unavailable.

16       11.    Upon producing any Document requested, You are instructed to indicate to which
17   of the numbered Requests for Production the Document is being produced in response. You may
18   do so by referencing Document numbers (*i.e.*, Bates Numbers).

19       12.    Under Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, all Documents are
20   to be produced in the form, order, and manner in which they are maintained in Your files.
21   Documents are to be produced in the folders, cartons, or containers in which they have been
22   maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which
23   they were found and in such a manner that the office and location from which they were produced
24   is readily identifiable. Whenever a Document or group of Documents is/are taken out of a file
25   folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of
26   the label on the file folder, file box, or notebook from which the Document or group of Documents
27   was removed.

28

PLAINTIFF'S FIRST SET OF REQUESTS FOR        8        CASE NO. 4:14-cv-00596-SBA
DOCUMENTS TO DEF. ENTERPRISE

13.     If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document (*e.g.*, letter, email, etc.), the Date the Document was authored, the Persons who sent and received the original and any copy of the Document, a summary of the contents of the Document and Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

14.     If, in responding to these Requests, You encounter any ambiguity in construing either the Request or any Instruction relevant to the Request, You should nonetheless respond to the Request, set forth the matter deemed ambiguous, and set forth the construction used in responding to the Request.

15.     If You claim privilege as grounds for failing to produce any Document requested, provide a privilege log that:

      (i)     Identifies the author or originator of the Document, the Date authored or originated, the identity of each Person to whom an original or a copy was addressed or delivered, the identity of each Person known or reasonably believed by You to have present possession, custody, or control thereof;

      (ii)    Discusses the factual basis for Your claim of privilege in sufficient detail to permit the Court to adjudicate the validity of that claim; and

      (iii)   Produces so much of each such Document that does not contain privileged information or Communications.

16.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside of their scope. Singular and plural words should be read so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope. "Each" shall encompass "every."

17.     As used herein, the present tense shall also include the past tense, and vice-versa.

18.     Defined terms need not be capitalized to retain their defined meaning.

19.     Attachments. Email attachments and embedded files must be mapped to their parent by the Document or production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning

1   and end number for each attachment or embedded Document must be included.

2       20.    Bates Numbering. Each page of a produced Document or media upon which ESI in

3   native format is produced shall have a legible, unique page identifier "Bates Number"

4   electronically "burned" onto or associated with the media, or image in such a manner that

5   information from the source Document is not obliterated, concealed, or interfered with. There shall

6   be no other legend or stamp placed on the Document image unless a Document qualifies for

7   confidential treatment pursuant to the terms of a protective order in this litigation, or has been

8   redacted in accordance with applicable law or Court order. In the case of confidential materials, a

9   designation may be "burned" onto or otherwise associated with the Document's image at a

10  location that does not obliterate or obscure any information from the source Document. For

11  redacted material, the word "Redacted" should be burned onto the Document image over the

12  protected information. To the extent native files are produced, the producing party will name the

13  native file with the Bates number.

14      21.    Duplicates. To the extent that an exact duplicate ESI Document (based on

15  MD5 or SHA-1 hash values) resides within a party's data set, You may produce only

16  a single copy of a responsive Document. This de-duping should be done only on exact duplicate

17  Documents. Only Documents where the main Document and the attachments are exactly the same

18  will be considered exact duplicates. ESI with differing file names but identical hash values shall

19  not be considered duplicates. Exact duplicate shall mean bit-for-bit identicality with both

20  Document content and any associated Metadata. Where any such Documents have attachments,

21  hash values must be identical for both the Document-plus-attachment (Including associated

22  Metadata) as well as for any attachment (Including associated Metadata) standing alone.

23      22.    File Naming Conventions. Where production of .tiff images rather than native

24  format ESI is requested or agreed to, each Document image file produced shall be named with the

25  unique Bates Number of the first page of the Document, followed by the extension ".tif" or ".tiff."

26  To the extent separate text files are provided, text files should be named the same as the first tiff

27  image of the Document.

28

---

23.     Metadata shall be provided in connection with ESI requested and Includes, without limitation, file, application and system Metadata. The following list identifies the Metadata fields that shall be produced (to the extent available):

- Document number or production number (Including the Document start and Document end numbers). This should use the standard Bates Number in accordance with those used in previous productions.
- BeginAttach
- EndAttach
- Title/Subject
- Sent/Date and time (for emails only)
- Last Modified Date and time created Date and time (for e-docs)
- Received Date and time (for emails only)
- Author
- Recipients
- cc:
- bcc:
- Source (custodian)
- Hash Value
- File Path
- Media (type of media that the Document was stored on when it was collected)
- Page count
- Original file name
- Doc extension
- Full text
- Accessed Date & time
- Last print Date

24.     Production of Paper Documents. Production of paper-based original Documents (*i.e.*, Documents that were not first generated by a Computer, such as hand written memoranda) shall be produced in hard-copy manner.

25.     Structured Data. Structured data such as relevant database information shall be produced in native data format, together with any associated database schema necessary to render such data reasonably usable.

26.     For any term used herein which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible.

### *III. Documents Requested*

### **DOCUMENT REQUEST NO. 1**

All Documents that You relied upon, reviewed, referenced, or consulted in drafting Your:

1 | (i) Answers to Plaintiff Garcia's First Set of Interrogatories to Defendant Enterprise Holdings, Inc.,

2 | (ii) Responses to Plaintiff Garcia's First Set of Requests for Documents to Defendant Enterprise

3 | Holdings, Inc., and (iii) Responses to Plaintiff Garcia's First Set of Requests to Admit Facts to

4 | Defendant Enterprise Holdings, Inc.

5 | **DOCUMENT REQUEST NO. 2**

6 | All Documents that You relied upon, reviewed, referenced, or consulted in drafting Your

7 | Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Class

8 | Action Complaint (Dkt. 34).

9 | **DOCUMENT REQUEST NO. 3**

10 | All Documents Relating To Your Use of Users' Personal Information.

11 | **DOCUMENT REQUEST NO. 4**

12 | All Documents Relating To Your Disclosure of Users' Personal Information to any

13 | Recipient(s).

14 | **DOCUMENT REQUEST NO. 5**

15 | All Documents Relating To Your Disclosure of any information Relating To Users'

16 | Facebook profiles to Recipients.

17 | **DOCUMENT REQUEST NO. 6**

18 | All Documents Relating To Your policies, whether formal or informal, regarding the Use

19 | of Users' Personal Information.

20 | **DOCUMENT REQUEST NO. 7**

21 | All Documents Relating To Your policies, whether formal or informal, regarding the

22 | Disclosure of Users' Personal Information to Recipients.

23 | **DOCUMENT REQUEST NO. 8**

24 | All Documents Relating To any Recipient's policies or procedures regarding the Use or

25 | Disclosure of Users' Personal Information.

26 | **DOCUMENT REQUEST NO. 9**

27 | All Documents Relating To any policies or procedures You use to obtain or verify written

28 |

PLAINTIFF'S FIRST SET OF REQUESTS FOR       12           CASE NO. 4:14-cv-00596-SBA
DOCUMENTS TO DEF. ENTERPRISE

1   consent from Users to Disclose their Personal Information to Recipients.

2   **DOCUMENT REQUEST NO. 10**

3       All Documents that reference or Relate To Plaintiff.

4   **DOCUMENT REQUEST NO. 11**

5       All Documents containing or Identifying Plaintiff's Personal Information that You

6   Disclosed to any Recipient.

7   **DOCUMENT REQUEST NO. 12**

8       All Documents containing or Identifying Users' Personal Information that You Disclosed

9   to any Recipient.

10  **DOCUMENT REQUEST NO. 13**

11      All Documents Related To any contracts, agreements, or written understandings between

12  You and any Recipient.

13  **DOCUMENT REQUEST NO. 14**

14      All Documents that Relate To or reference Mixpanel, Including any contracts, agreements,

15  or written understandings between You and Mixpanel.

16  **DOCUMENT REQUEST NO. 15**

17      All Documents Relating To any contracts, agreements, or written understandings between

18  You and Facebook.

19  **DOCUMENT REQUEST NO. 16**

20      All Documents Relating To information You Use Relating To Users' Facebook profiles,

21  Including unique identifiers, usernames, or hyperlinks.

22  **DOCUMENT REQUEST NO. 17**

23      All Documents Relating To any benefits (monetary or otherwise) You received as a result

24  of Disclosing Users' Personal Information.

25  **DOCUMENT REQUEST NO. 18**

26      All Documents Relating To benefits (monetary or otherwise) that any Recipient, Including

27  Mixpanel, received as a result of Disclosing Users' Personal Information.

28

**DOCUMENT REQUEST NO. 19**

All Documents Relating To the purposes for which Users' Personal Information was Used or intended to be Used by any Recipient.

**DOCUMENT REQUEST NO. 20**

All Documents exchanged between You and Lyft Relating To Users' Personal Information.

**DOCUMENT REQUEST NO. 21**

All Documents exchanged between You and any User Relating To the Use or Disclosure of Users' Personal Information.

**DOCUMENT REQUEST NO. 22**

All Documents Relating To contracts, amendments to contracts, agreements, and written understandings between You and Users.

**DOCUMENT REQUEST NO. 23**

All versions of every Document that You contend govern Your relationship with Users during the Relevant Time Period, Including all user agreements and privacy policies.

**DOCUMENT REQUEST NO. 24**

All Documents Relating To any changes You made to Your contracts, agreements, or understandings with Users regarding Your ability to Use their Personal Information.

**DOCUMENT REQUEST NO. 25**

All Documents Relating To any changes You made to Your contracts, agreements, or understandings with Users regarding Your ability to Disclose their Personal Information.

**DOCUMENT REQUEST NO. 26**

All Documents Relating To or evidencing Users' written consent Relating To the Use or Disclosure of their Personal Information.

**DOCUMENT REQUEST NO. 27**

All Documents Identifying the total number of Users who Posted a Ride on Zimride.

**DOCUMENT REQUEST NO. 28**

All Documents Identifying the total number of Users who searched for a ride on Zimride.

1   **DOCUMENT REQUEST NO. 29**

2       All Documents Identifying the total number of Users who signed up to use Zimride.

3   **DOCUMENT REQUEST NO. 30**

4       All Documents Identifying the total number of Users who used their Facebook login

5   credentials to sign up to use Zimride.

6   **DOCUMENT REQUEST NO. 31**

7       All Documents Identifying Users' geographic location or state of residence.

8   **DOCUMENT REQUEST NO. 32**

9       All Documents Relating To any Person's pending requests or orders for access to Users'

10  Personal Information.

11  **DOCUMENT REQUEST NO. 33**

12      All Documents Relating To any formal or informal complaints by any Person against You

13  Relating To Your Disclosure of Users' Personal Information to Recipient(s).

14  **DOCUMENT REQUEST NO. 34**

15      All source code Related To Zimride.

16  **DOCUMENT REQUEST NO. 35**

17      All Documents Related To any changes made to the Zimride source code.

18  **DOCUMENT REQUEST NO. 36**

19      All Documents that Relate To unique identifiers You or any Recipients Use to identify

20  Users, Including "DistinctID," "Distinct_id," "unique identifier," "GUIDs," Facebook identifiers,

21  and Facebook IDs.

22  **DOCUMENT REQUEST NO. 37**

23      All Documents Relating To the Mixpanel Library.

24  **DOCUMENT REQUEST NO. 38**

25      All Documents Relating To Your acquisition of Zimride from Lyft.

26  **DOCUMENT REQUEST NO. 39**

27      All Documents Relating To Your acquisition or Use of Users' Personal Information

28

1    obtained from Lyft.

2    **DOCUMENT REQUEST NO. 40**

3    All Documents Relating To Your compliance with the California Privacy Act, Cal. Penal

4    Code §§ 630, *et seq.*

5    **DOCUMENT REQUEST NO. 41**

6    All Documents Relating To any Recipient's compliance with the California Privacy Act,

7    Cal. Penal Code §§ 630, *et seq.*

8    **DOCUMENT REQUEST NO. 42**

9    All Documents Relating To training materials, employee handbooks, internal memoranda,

10   internal guidelines, informal guidelines, and instructions of any kind that You provided to Your

11   Employees Relating To the Disclosure of Users' Personal Information.

12   **DOCUMENT REQUEST NO. 43**

13   All Documents Relating To the process through which Users Post a Ride through Zimride.

14   **DOCUMENT REQUEST NO. 44**

15   All Documents Relating To the process through which Users search for a ride through

16   Zimride.

17   **DOCUMENT REQUEST NO. 45**

18   All Documents Relating To or evidencing any changes that You made to the process

19   through which Users Post a Ride through Zimride.

20   **DOCUMENT REQUEST NO. 46**

21   All Documents Relating To or evidencing any changes that You made to the process

22   through which Users search for a ride through Zimride.

23   **DOCUMENT REQUEST NO. 47**

24   All Documents Relating To the Complaint.

25   **DOCUMENT REQUEST NO. 48**

26   All Documents Related To Your investigation of the facts underlying the Complaint.

27

28

1  **DOCUMENT REQUEST NO. 49**

2      Any expert or consulting reports prepared by You or on Your behalf Relating To any of the

3  matters alleged in the Complaint.

4  **DOCUMENT REQUEST NO. 50**

5      Any joint defense agreement between You and any other Person Relating To the subject

6  matter of the Complaint.

7  **DOCUMENT REQUEST NO. 51**

8      All Documents Related To any insurance agreements or policies Relating To the subject

9  matter of this lawsuit, Including the policies themselves.

10  **DOCUMENT REQUEST NO. 52**

11      All Documents Related To any litigation hold put in place by You, Lyft, or any other

12  company affiliated with You after the filing of Plaintiff's Complaint.

13  **DOCUMENT REQUEST NO. 53**

14      All Documents Relating To any partnerships or contracts between You and any college,

15  university, or other educational institution, Including Stanford University.

16  **DOCUMENT REQUEST NO. 54**

17      For all Documents requested and/or produced, produce all corresponding uncompiled

18  source and object codes, including database queries, written to generate any such Document.

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**MIGUEL GARCIA**, individually and on behalf of all others similarly situated,

Dated: June 5, 2014

By: _____
~One of Plaintiff's Attorneys~

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

1

## CERTIFICATE OF SERVICE

2     I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the

3 foregoing *Plaintiff Garcia's First Set of Requests for Documents to Defendant Enterprise*

4 *Holdings, Inc.* by causing true and accurate copies of such paper to be transmitted via electronic

5 mail and USPS to the following individual:

6     J. Daniel Sharp
Crowell & Moring LLP

7     Embarcadero Center West
275 Battery Street, 23rd Floor

8     San Francisco, California 94111
dsharp@crowell.com

9

10    *Counsel for Defendant Enterprise Holdings, Inc.*

11

12                   Benjamin S. Thomassen

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28