1    KEKER & VAN NEST LLP
     RACHAEL E. MENY - #178514
2    rmeny@kvn.com
     JENNIFER A. HUBER - #250143
3    jhuber@kvn.com
     MICHELLE S. YBARRA - #260697
4    mybarra@kvn.com
     633 Battery Street
5    San Francisco, CA  94111-1809
     Telephone:    (415) 391-5400
6    Facsimile:    (415) 397-7188

7    Attorneys for Defendant
     LYFT, INC.
8
     CROWELL & MORING LLP
9    J. DANIEL SHARP - #131042
     dsharp@crowell.com
10   275 Battery Street, 23rd Floor
     San Francisco, CA  94111
11   Telephone:  (415) 986-2800
     Facsimile:  (415) 986-2827
12
     Attorneys for Defendant
13   ENTERPRISE HOLDINGS, INC.

14

15                    UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

17   MIGUEL GARCIA, individually and on         Case No. 4:14-cv-00596-SBA
     behalf of all others similarly situated,
18                                              **EXHIBITS E - G TO DISCOVERY
                        Plaintiff,              LETTER BRIEF (VOL. III)**
19
               v.
20
     ENTERPRISE HOLDINGS, INC., a
21   Missouri corporation, and LYFT INC. d/b/a   Date Filed:  February 7, 2014
     Zimride, a Delaware corporation,
22                                               Judge:  Hon. Saundra B. Armstrong
                        Defendants.
23

24

25

26

27

28

842842.01

# EXHIBIT E

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
| *Plaintiff*, | **PLAINTIFF GARCIA'S FIRST SET OF INTERROGATORIES TO DEFENDANT ENTERPRISE HOLDINGS, INC.** |
| *v.* | Judge: Hon. Saundra B. Armstrong |
| ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation, | Action Filed: February 7, 2014 |
| *Defendants*. | |

Plaintiff Miguel Garcia, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Defendant Enterprise Holdings, Inc. ("Enterprise"), answer the following Interrogatories within thirty (30) days of service of this request, supplement answers up to and including the time of trial pursuant to Fed. R. Civ. P. 26(e)(2), and make service of said answers upon Plaintiff's counsel.

## I. Definitions

1.     "Communication" or "Communications" means the transmittal of information, facts, or ideas, Including communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recording, advertisement, or other form of exchange of words, whether oral or written. "Communication" or "Communications" also means all written and unwritten but recorded correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your Employees.

2.     "Complaint" means Plaintiff's First Amended Class Action Complaint filed in the United States District Court for the Northern District of California on March 28, 2014 (Dkt. 29).

3.     "Computer" means all data processing equipment, Including central processing units (CPUs), whether contained in a server or free-standing computer, laptop, PDA, or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure or storage is virtualized, whether that data be structured or unstructured, and also Including any equipment where computer files (Including records, documents, logs, and any other contiguous or non-contiguous bit strings), hidden system files or Metadata presently reside, such as hard disk drives, optical disk drives, removable media, such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer

magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage media or system of whatever name or description. "Computer" also refers to all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, Including microfilm, microfiche and their repositories and readers, or design or engineering Computer systems and regardless of any digital image's format, Including .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings. "Computer" also refers to sources of digital evidence that may not presently be in use by You or may have been deleted from Your active systems, whether the source is a backup tape or disk, some other data retention system or some form of disaster recovery system. "Computer" also refers to places where digital evidence may reside that may have been deleted from Your active files and which may not be readily recoverable from a backup medium, such as Metadata.

    4.    "Date" means the exact year, month and day, if known, or, if not known, Your best approximation thereof.

    5.    "Describe" when used in relation to any process, policy, act or event means explain the process, policy, act or event in complete and reasonable detail, stating the time, Date, and location, Identifying all Persons participating or present, and Identifying all Documents Relating thereto.

    6.    "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means to sell, transmit, transfer, relay, trade, or provide.

    7.    "Document" or "Documents" means any writings, letters, telegrams, memoranda, correspondence, Communications, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, Computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of Communication is recorded, stored or produced, Including audio and video recordings and ESI

1  (Including e-mails, web pages, websites, Computer discs, Computer programs and Computer files,

2  Including, where applicable, compiled and uncompiled source code), whether or not in printout

3  form. These terms shall also mean copies of Documents even though the originals are not in Your

4  possession, custody or control; every copy of a Document which contains handwritten or other

5  notations or which otherwise does not duplicate the original of any other copy; all attachments to

6  any Documents; and any other Documents, item and/or information discoverable under federal law

7  and procedure, Including, without limitation, the items referenced in Federal Rule of Civil

8  Procedure 34(a)(1).

9        8.     "Electronically Stored Information" or "ESI" as used herein means Computer

10  generated information or data of any kind, stored on Computers, file servers, disks, tape or other

11  devices or media, or otherwise evidenced by recording on some storage media, whether real,

12  virtual, or cloud-based.

13        9.     "Employee" or "Employees" means all present and former officers, directors,

14  agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

15        10.    "Identify," when used with respect to a natural person, means to state the person's

16  full name, present or last-known business affiliation and position, past and present home address,

17  and past position and business affiliation, if any, with any of the parties herein.

18        11.    "Identify," when used with respect to a company or other business entity, means to

19  state the company's legal name, the names under which it does business, its form (*e.g.*, partnership,

20  corporation, etc.), the address of its principal place of business, and to identify its principal

21  proprietors, officers or directors.

22        12.    "Identify," when used with respect to a Document, means to state the Date(s)

23  prepared, drafted or generated, the author(s), intended and actual recipient(s), type of Document

24  (*e.g.*, "letter," "Terms of Service" or "email"), and to identify its last known custodian or location.

25        13.    "Identify," when used in reference to an event, transaction, or occurrence, means to

26  Describe the act in complete and reasonable detail; state the time, Date, location; identify all

27  Persons participating or present; and identify all Documents Relating thereto.

28

14.     "Identify," when used with respect to a Communication, means to state the type of Communication (*e.g.*, telephone discussion, email, face-to-face, etc.), the name and present address of each Person present during the Communication or who otherwise observed or heard the Communication, and to state the subject matter of the Communication and the Date on which it occurred. If the Communication was in writing, identify all Documents that Relate or are Related To the Communication in the manner provided above.

15.     "Includes" and "Including" means "including, but not limited to;" "Includes" means "includes, but not limited to."

16.     "Lyft" means Defendant Lyft, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

17.     "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

18.     "Metadata" means and refers to data about data, Including without limitation, information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a Computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

19.     "Person" means any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

20.     "Plaintiff" means Plaintiff Miguel Garcia.

21.     "Personal Information" means any information about an individual, Including an individual's (1) name; (2) telephone number; (3) mailing address; (4) age or date of birth; (5) email address; (6) credit card numbers or any financial or other sensitive information; (7) zip code or

1   geographic location; (8) unique identifiers, Including but not limited to "DistinctIDs," unique

2   Facebook usernames, Facebook IDs, URLs, or hyperlinks; (9) trip details, Including carpool

3   routes; or (10) any other data or information about an individual.

4          22.     "Recipient" means any Person, excluding Your Employees, to whom You

5   Disclosed Users' Personal Information.

6          23.     "Relating To," Including its various forms such as "Relates To," means to consist

7   of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

8   legally connected, directly or indirectly, with the matter described.

9          24.     "Relevant Time Period," means 2007 until the present. Unless otherwise indicated,

10  all Requests shall refer to the Relevant Time Period.

11         25.     "Use," Including its various forms such as "Using" or "Usage" means to collect,

12  obtain, procure, retain, compile, receive, acquire, or access.

13         26.     "User" means any individual who has a Zimride by Enterprise account, Including

14  individuals who created a Zimride by Enterprise account after Your acquisition of Zimride from

15  Lyft, and individuals who already had Zimride accounts at the time You acquired Zimride from

16  Lyft.

17         27.     "You," "Your," or "Enterprise" means Defendant Enterprise Holdings, Inc. and its

18  divisions, subsidiaries, related companies, predecessors, successors, all present and former

19  officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on

20  behalf of any of them.

21         28.     "Zimride by Enterprise" means any application, software, or other technology that

22  is branded or referred to as "Zimride" and operated, maintained, or licensed by You through which

23  Persons may post a ride or search for a ride posted by another Person.

### II. Instructions

24

25         1.      The person responding to an Interrogatory should have knowledge to answer said

26  Interrogatory. If another person has superior knowledge on certain questions, that other person

27  should respond to that Interrogatory and be so designated. If such person is unavailable, that

28

1   person should be fully identified and the nature and scope of their knowledge and the reasons that

2   such person's knowledge is or is believed to be superior, explained fully.

3       2.      In responding to these Interrogatories, furnish all information, however obtained,

4   Including hearsay that is available to You and any information known by You, in Your possession,

5   or appearing in Your records.

6       3.      These are intended as continuing requests having within them a duty to timely

7   supplement the responses until and during the course of trial. Information sought by these

8   Interrogatories that You obtain after You serve Your responses must be disclosed to Plaintiff by

9   supplementary responses.

10      4.      It is intended by this set of Interrogatories to illicit information not merely within

11  Your knowledge, but obtainable by You or on Your behalf.

12      5.      You may not claim lack of information or knowledge as grounds for failing to

13  respond to any Interrogatory or as grounds for giving an incomplete or partial response to any

14  Interrogatory without exercising due diligence to secure the full information needed to do so.

15  Where You rely or respond based on information provided to You from any other person, fully

16  Identify that person and how You obtained the information from them. Where You rely on

17  information in any Document, specifically Identify the Document and Identify the person who has

18  custody of that Document.

19      6.      If You cannot respond to an Interrogatory in full after exercising due diligence to

20  secure the full information needed to do so, so state and respond to the extent possible, specifying

21  Your inability to respond to the remainder, stating whatever information or knowledge You have

22  concerning the unresponded-to portion and detailing what You did in attempting to secure the

23  unknown information.

24      7.      If You object to any Interrogatory on the basis that the time period covered by the

25  request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider

26  proper for that request and answer the request for that time period, preserving Your objection to

27  the remainder of the time period.

28

1   8.   If You object or otherwise refuse to respond to any portion of any Interrogatory,

2   You shall (1) state the nature and basis of the objection or reason for such refusal in sufficient

3   fashion to permit the Court to rule on the validity of the objection; and (2) answer all portions of

4   such Interrogatory that are not claimed to be objectionable.

5   9.   If You object to answering all or any part of any Interrogatory on the grounds of

6   privilege or work product, You are required to Identify the privileged Document(s) or

7   Communication(s), and with respect to each such privileged responsive Document or

8   Communication Identify:

9   (a)   the Date appearing on such Document, or if no Date appears, the Date on

10        which such Document or ESI was prepared;

11   (b)   ESI Metadata creation, revision, transmission, receipt, and last access Dates;

12   (c)   the name of each person to whom such Document or ESI was addressed;

13   (d)   the name of each person, other than the addressee(s) identified in

14        subparagraph (c) above, to whom such Document or ESI, or copy thereof

15        was sent, or with whom such Document was discussed;

16   (e)   the name of each person who signed such Document or ESI, if not signed,

17        the name of each person who prepared it;

18   (f)   the name of each person making any contribution to the authorship of such

19        Document or ESI;

20   (g)   the job title or position of each person identified in subparagraph (c), (d),

21        (e), and (f) above;

22   (h)   the Date such Document or ESI was received or discussed by each person

23        identified in subparagraphs (c) or (d) above;

24   (i)   the general nature or description of such Document or ESI, and, where

25        applicable, its number of pages;

26   (j)   the name of each person who currently has custody of such Document or

27        ESI; and

28

(k)     the specific ground(s) upon which the privilege or work product rests.

10.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

11.     As used herein, the present tense shall include the past tense and vice-versa.

12.     Defined terms need not be capitalized to retain their defined meaning.

13.     For any term used herein that is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible.

14.     When these Interrogatories refer to a "specific location," they contemplate a level of detail that would allow counsel to independently locate an item without significant assistance. Thus, when these Interrogatories request the specific location of digital media, an acceptable answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

15.     If You are producing any Document in lieu of answering any of the Interrogatories stated herein, all Documents are to be produced in the form, order, and manner in which they are maintained in Your files, and You must state in Your answer which Documents are responsive. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such a manner that the office and location from which they were produced is readily identifiable. Whenever a Document or group of Documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed. All ESI should be produced in native format, reasonably usable, and verifiably responsive to the pertinent request(s) and processable using readily available tools.

### III. Interrogatories

## INTERROGATORY NO. 1

Identify all Person(s) who assisted in the preparation of or who have knowledge of the statements made in Your Responses to these Interrogatories, Plaintiff Garcia's First Set of

1   Requests for Documents to Defendant Enterprise Holdings, Inc., and Plaintiff Garcia's First Set of

2   Requests to Admit Facts to Defendant Enterprise Holdings, Inc. For each Person Identified, state

3   the Person's employer and their position or title, Describe in detail their knowledge relevant to

4   these proceedings, and, if applicable, Identify the Interrogatories, Requests for Production, or

5   Requests to Admit that they assisted in answering.

6   **INTERROGATORY NO. 2**

7       Identify and Describe any of Your policies or procedures, whether written or oral, formal

8   or informal, Relating To Your Use or Disclosure of Users' Personal Information, Including the

9   Date(s) that each policy was implemented.

10  **INTERROGATORY NO. 3**

11      Identify all former Lyft Employees that You employed to work on, service, or operate

12  Zimride by Enterprise, Including whether such former Lyft Employees are currently employed by

13  You.

14  **INTERROGATORY NO. 4**

15      Identify and Describe all categories or types of Users' Personal Information that You

16  collect or have access to, Including the source of such Personal Information (e.g., Facebook, Lyft,

17  etc.).

18  **INTERROGATORY NO. 5**

19      For each category or type of Personal Information Identified in Interrogatory No. 4,

20  Identify and Describe every way that You Use such Personal Information.

21  **INTERROGATORY NO. 6**

22      Identify and Describe every instance in which You Disclosed Users' Personal Information

23  (or caused such Personal Information to be Disclosed) to Recipients, Including the categories or

24  types of Personal Information Disclosed, the Date of each Disclosure, every purpose/reason for

25  each Disclosure, and the Recipient of the Personal Information.

26  **INTERROGATORY NO. 7**

27      For each Recipient Identified in Your response to Interrogatory No. 6, Identify and

28

---

1   Describe whether and how the Recipient Used Users' Personal Information.

2   **INTERROGATORY NO. 8**

3       For each Recipient Identified in Your response to Interrogatory No. 6, Identify all

4   contracts, agreements, and/or other written or oral understandings between You and each such

5   Recipient.

6   **INTERROGATORY NO. 9**

7       For each instance in which you Disclosed Users' Personal Information (i.e., as Identified in

8   Your response to Interrogatory No. 6), Describe whether and how You obtained Users' written

9   consent for such Disclosure.

10  **INTERROGATORY NO. 10**

11      Identify any benefits (e.g., compensation or consideration, whether monetary or otherwise)

12  You received in exchange for the Disclosure of Users' Personal Information, Including the sources

13  of any such benefits, broken down by year.

14  **INTERROGATORY NO. 11**

15      Identify the total number of Users in each of the seven years prior to the date of the filing

16  of the Complaint, broken down by year and state of residence.

17  **INTERROGATORY NO. 12**

18      Identify and Describe any changes You made to Your processes or policies for obtaining

19  written consent from Users Relating to the Use or Disclosure of Personal Information, Including

20  the Date of any such changes.

21  **INTERROGATORY NO. 13**

22      Identify and Describe any changes You made to the Zimride by Enterprise "Terms of

23  Service," "Privacy Policy," or any other form agreement that You contend governs Your Use or

24  Disclosure of Users' Personal Information, Including the Date of any such changes.

25  **INTERROGATORY NO. 14**

26      Identify and Describe any substantive changes You made to any source code Related to the

27  Disclosure of Personal Information to Recipients through the Zimride by Enterprise platform,

28

1    Including the Dates of any such changes.

2    **INTERROGATORY NO. 15**

3        Describe Your relationship with Mixpanel, Including every purpose for which You

4    Disclosed Users' Personal Information to Mixpanel.

5

6                                              Respectfully submitted,

7                                              **MIGUEL GARCIA,** individually and on behalf of
                                               all others similarly situated,

8    Dated: June 5, 2014

9                                              By: _____
                                                   One of Plaintiff's Attorneys

10

11                                             Mark Eisen (SBN - 289009)
                                               meisen@edelson.com
12                                             EDELSON PC
                                               555 West Fifth Street, 31st Floor
13                                             Los Angeles, California 90013
                                               Tel: 213.533.4100
14                                             Fax: 213.947.4251

15                                             Jay Edelson (Admitted *Pro Hac Vice*)
                                               jedelson@edelson.com
16                                             Rafey S. Balabanian (Admitted *Pro Hac Vice*)
                                               rbalabanian@edelson.com
17                                             Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
                                               bthomassen@edelson.com
18                                             Chandler R. Givens (Admitted *Pro Hac Vice*)
                                               cgivens@edelson.com
19                                             Jack D. Yamin (Admitted *Pro Hac Vice*)
                                               jyamin@edelson.com
20                                             EDELSON PC
                                               350 North LaSalle Street, Suite 1300
21                                             Chicago, Illinois 60654
                                               Tel: 312.589.6370
22                                             Fax: 312.589.6378

23                                             *Attorneys for Plaintiff Miguel Garcia and the Putative
                                               Classes*

24

25

26

27

28

PLAINTIFF'S FIRST SET OF                       12              CASE NO. 4:14-cv-00596-SBA
INTERROGATORIES TO DEF. ENTERPRISE

1

## CERTIFICATE OF SERVICE

2

I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the

3

foregoing *Plaintiff Garcia's First Set of Interrogatories to Defendant Enterprise Holdings, Inc.*

4

by causing true and accurate copies of such paper to be transmitted via electronic mail and USPS

5

to the following individual:

6

7

8
J. Daniel Sharp
Crowell & Moring LLP
9
Embarcadero Center West
275 Battery Street, 23rd Floor
10
San Francisco, California 94111
dsharp@crowell.com
11

*Counsel for Defendant Enterprise Holdings, Inc.*
12

13

14
Benjamin S. Thomassen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
| *Plaintiff,* | **PLAINTIFF GARCIA'S FIRST SET OF REQUESTS TO ADMIT FACTS TO DEFENDANT ENTERPRISE HOLDINGS, INC.** |
| *v.* | |
| ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC., a Delaware corporation, | Judge: Hon. Saundra B. Armstrong |
| *Defendants.* | Action Filed: February 7, 2014 |

Plaintiff Miguel Garcia, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Defendant Enterprise Holdings, Inc. ("Enterprise"), admit or deny the following under oath within thirty (30) days of service of this request.

## I. Definitions

1.    "Date" means the exact year, month, and day, if known, or if not known, Your best approximation thereof.

2.    "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means to sell, transmit, transfer, relay, trade, or provide.

3.    "Employee" or "Employees" means all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

4.    "Facebook" means Facebook, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

5.    "Facebook User" means a User that signs in to Zimride by Enterprise using Facebook login credentials (i.e., versus individuals that "[l]og in with old email account," as that phrase is used on the Zimride by Enterprise Website).

6.    "Including" means "including, but not limited to"; "Includes" means "includes, but not limited to."

7.    "Lyft" means Defendant Lyft, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

8.    "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

9.    "Mixpanel Library" means any file containing Javascript, PHP, or other code that is supplied or hosted by Mixpanel.

10.    "Person" means any natural person, corporation, partnership, association,

1  organization, joint venture, or other entity of any type or nature.

2      11.   "Post a Ride" or "Posting a Ride" means the process that is initiated by clicking the

3  yellow "Post a Ride" button that appears at the top of the Zimride Website, and completed by

4  clicking the green "Post Ride" button, or any substantially similar process facilitated by the

5  Zimride Website.

6      12.   "Personal Information" means any information about an individual, including an

7  individual's (1) name; (2) telephone number; (3) mailing address; (4) age or date of birth; (5) email

8  address; (6) credit card numbers or any financial or other sensitive information; (7) zip code or

9  geographic location; (8) unique identifiers, Including "Distinct IDs," unique Facebook usernames,

10  Facebook IDs or hyperlinks; (9) trip details, Including carpool routes; or (10) any other data that

11  may personally identify an individual.

12      13.   "Recipient" means any Person, excluding Your Employees, to whom You

13  Disclosed Users' Personal Information.

14      14.   "Relating To," Including its various forms such as "Relates To," means to consist

15  of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

16  legally connected, directly or indirectly, with the matter described.

17      15.   "Relevant Time Period," means July 10, 2013 or the Date of Your acquisition of

18  Zimride, whichever is earlier, until the present. Unless otherwise indicated, all Requests shall refer

19  to the Relevant Time Period.

20      16.   "Use," Including its various forms such as "Using" or "Usage" means to collect,

21  obtain, procure, retain, compile, receive, acquire, or access.

22      17.   "User" means any individual who has a Zimride by Enterprise account, Including

23  individuals who created a Zimride by Enterprise account after Your acquisition of Zimride from

24  Lyft, and individuals who already had Zimride accounts at the time You acquired Zimride from

25  Lyft.

26      18.   "Website" means, individually and/or collectively, any website through which

27  Users may access Zimride by Enterprise, Including but not limited to the website located at

28

1    www.zimride.com and its subdomains.

2        19.    "You," "Your," or "Enterprise" means Defendant Enterprise Holdings, Inc. and its

3    divisions, subsidiaries, related companies, predecessors and successors, all present and former

4    officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on

5    behalf of any of them.

6        20.    "Zimride by Enterprise" means any application, software, or technology branded as

7    "Zimride" that You operate, license, or maintain and through which Persons may post a ride or

8    search for a ride posted by another Person.

9        21.    "Zimride Profile" means a User's personal profile page that is viewable on and

10   accessible through the Zimride by Enterprise Website (by, for example, clicking on the "View/edit

11   profile" hyperlink).

12                                    *II. Instructions*

13       1.    A matter is admitted unless, within 30 days after being served, You serve on the

14   requesting party, through his counsel, a written answer or objection addressed to the matter and

15   signed by You or Your attorney.

16       2.    If a matter is not admitted, Your answer must specifically deny it or state in detail

17   why You cannot truthfully admit or deny it. A denial must fairly respond to the substance of the

18   matter, and when good faith requires that You qualify an answer or deny only a part of a matter,

19   Your answer must specify the part admitted and qualify or deny the rest. You may assert lack of

20   knowledge or information as a reason for failing to admit or deny only if You state that You have

21   made reasonable inquiry and that the information You know or can readily obtain is insufficient to

22   enable You to admit or deny.

23       3.    The grounds for objecting to a Request must be stated. You may not object solely

24   on the ground that the Request presents a genuine issue for trial.

25       4.    "And" as well as "or" shall be construed either disjunctively or conjunctively as

26   necessary to bring within the scope of these Requests any information which might otherwise be

27   construed to be outside of their scope. Singular and plural words should be read so as to bring

28

1    within the scope of these Requests any information that might otherwise be construed to be outside

2    their scope. "Each" shall encompass "every."

3         5.     Defined terms need not be capitalized to retain their defined meaning.

4         6.     As used herein, the present tense shall also include the past tense, and vice-versa.

5             ***III. Requests to Admit***

6         1.     Admit that You own and operate the Website located at the domain zimride.com.

7         2.     Admit that You acquired Zimride from Lyft in July of 2013.

8         3.     Admit that in a press release on July 12, 2013, You described Zimride as "the

9    largest web-based carpool network in North America."

10        4.     Admit that before You acquired Zimride, You did not operate a carpool network.

11        5.     Admit that the words "Zimride Carpool & Rideshare Community" appear on pages

12   of the Zimride by Enterprise Website.

13        6.     Admit that the words "Zimride is a social rideshare community" and "a new spin on

14   ridesharing" appear on the pages of the Zimride by Enterprise Website.

15        7.     Admit that before You acquired Zimride, You did not offer ridesharing.

16        8.     Admit that Zimride by Enterprise helps some Users to form carpools.

17        9.     Admit that Zimride by Enterprise helps some Users to form rideshares.

18        10.     Admit that You assist universities to establish their own ridesharing or carpool

19   programs using Zimride by Enterprise.

20        11.     Admit that You assist corporate entities to establish their own ridesharing or

21   carpool programs using Zimride by Enterprise.

22        12.     Admit that to sign up for Zimride by Enterprise for the first time, an individual must

23   "Sign up with Facebook" using his or her Facebook login credentials.

24        13.     Admit that to sign up for Zimride by Enterprise for the first time, an individual must

25   click an "Okay" button on a login page that resides on Facebook's servers.

26        14.     Admit that for individuals that sign up for Zimride by Enterprise using Facebook

27   login credentials, You Use data from such individuals' Facebook profiles to initially populate such

28

1   individuals' Zimride Profiles.

2       15.   Admit that for Facebook Users, You have access to data from such individuals'

3   Facebook profiles.

4       16.   Admit that for Facebook Users, You have access to data from such individuals'

5   Facebook profiles, regardless of such individuals' Facebook profile privacy settings.

6       17.   Admit that You can identify Users that have Posted a Ride.

7       18.   Admit that You can identify Facebook Users.

8       19.   Admit that when a User Posts a Ride using Zimride by Enterprise, Personal

9   Information about that User is Disclosed to Mixpanel.

10      20.   Admit that when a User Posts a Ride using Zimride by Enterprise, Personal

11  Information about that User is Disclosed to Mixpanel in a Base-64 encoded string.

12      21.   Admit that when a User Posts a Ride using Zimride by Enterprise, Personal

13  Information about that User is Disclosed by You to Mixpanel.

14      22.   Admit that Zimride by Enterprise Discloses Personal Information between Users for

15  the purpose of facilitating carpools or rideshares.

16      23.   Admit that You have access to Users' Personal Information.

17      24.   Admit that the Zimride by Enterprise Website causes some Users' Internet browsers

18  to download the Mixpanel Library.

19      25.   Admit that the Zimride by Enterprise Website is designed to cause some Users'

20  Internet browsers to download the Mixpanel Library.

21      26.   Admit that You do not inform Users that the Zimride by Enterprise Website can

22  cause Users' Internet browsers to download the Mixpanel Library.

23      27.   Admit that You Use unique identifier(s) to identify Users between different

24  sessions, browsers, computers, and mobile devices.

25      28.   Admit that You Disclose Users' Personal Information to Mixpanel.

26      29.   Admit that You Disclose Users' Personal Information to Recipient(s) other than

27  Mixpanel.

28

1   30.  Admit that You have received benefits (monetary or otherwise) from Your

2 Disclosure of Users' Personal Information to Mixpanel.

3   31.  Admit that You have received benefits (monetary or otherwise) from Your

4 Disclosure of Users' Personal Information to Recipient(s) other than Mixpanel.

5   32.  Admit that the Zimride by Enterprise Website does not mention Mixpanel by name.

6   33.  Admit that You do not permit Users to opt out of having their Personal Information

7 Disclosed to Mixpanel.

8   34.  Admit that You Disclose Users' Personal Information to Mixpanel for a purpose

9 other than establishing or implementing a carpooling or ridesharing program.

10   35.  Admit that You Disclose Users' Personal Information to Recipients other than

11 Mixpanel for a purpose other than establishing or implementing a carpooling or ridesharing

12 program.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**MIGUEL GARCIA,** individually and on behalf of
all others similarly situated,

Dated: June 5, 2014

By: _____
One of Plaintiff's Attorneys

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Miguel Garcia and the Putative
Classes*

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that on June 5, 2014, I served the foregoing *Plaintiff Garcia's First Request to Admit Facts to Defendant Enterprise Holdings, Inc.* by causing true and accurate copies of such paper to be transmitted via electronic and USPS mail to the following individual:

J. Daniel Sharp
Crowell & Moring LLP
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
dsharp@crowell.com

*Counsel for Defendant Enterprise Holdings, Inc.*

Benjamin S. Thomassen

# EXHIBIT G

1 Mark Eisen (SBN - 289009)
meisen@edelson.com
2 EDELSON PC
555 West Fifth Street, 31st Floor
3 Los Angeles, California 90013
Tel: 213.533.4100
4 Fax: 213.947.4251

5 Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
6 Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
7 Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
8 Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
9 Jack D. Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
10 EDELSON PC
350 North LaSalle Street, Suite 1300
11 Chicago, Illinois 60654
Tel: 312.589.6370
12 Fax: 312.589.6378

13 *Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

14 **IN THE UNITED STATES DISTRICT COURT**
15 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

17 MIGUEL GARCIA, individually and on behalf
of all others similarly situated,

18                    *Plaintiff,*              Case No. 4:14-cv-00596-SBA

19            *v.*                              **PLAINTIFF'S NOTICE OF SUBPOENA TO
MIXPANEL, INC.**
20 ENTERPRISE HOLDINGS, INC., a Missouri
corporation, and LYFT INC., a Delaware
21 corporation.

22                    *Defendants.*

23

24

25

26

27

28

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Miguel Garcia, through his counsel, will cause to be issued a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to Mixpanel, Inc., attached hereto as Exhibit A. Plaintiff Garcia has requested that the documents described therein be produced at one of the following locations within thirty (30) days of service of the subpoena.

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

First Legal Support Services
1138 Howard Street
San Francisco, California 94103
Tel: 213.580.9260

Dated: June 6, 2014

By:   s/ Benjamin S. Thomassen
One of Plaintiff's Attorneys

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Jack Yamin (Admitted *Pro Hac Vice*)
jyamin@edelson.com
Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I, Benjamin S. Thomassen, an attorney, hereby certify that on June 6, 2014, I served the above and foregoing *Plaintiff's Notice of Subpoena to Mixpanel, Inc.* by causing true and accurate copies of such paper to be transmitted via electronic mail and USPS to the person shown below:

J. Daniel Sharp
CROWELL & MORING LLP
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
dsharp@crowell.com
Telephone: 415.986.2800
Facsimile:  415.986.2827

*Counsel for Defendant Enterprise Holdings, Inc.*

s/ Benjamin S. Thomassen

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of California

| | |
|---|---|
| Miguel Garcia | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   4:14-cv-00596-SBA |
| Enterprise Holdings, et. al | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Mixpanel, Inc., c/o Suhail Doshi
             799 Market Street, 7th Floor, San Francisco, California 94103
             _(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: See Attached Rider | Date and Time: |
|---|---|
| | |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/06/2014

CLERK OF COURT
                                          OR
                                                 s/ Benjamin S. Thomassen
_____        _____
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Miguel Garcia
_____, who issues or requests this subpoena, are:

Benjamin S. Thomassen, 350 N LaSalle St, Suite 1300, Chicago, IL 60654; bthomassen@edelson.com; 312.589.6370

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:14-cv-00596-SBA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____0.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1   Mark Eisen (SBN - 289009)
    meisen@edelson.com
2   EDELSON PC
    555 West Fifth Street, 31st Floor
3   Los Angeles, California 90013
    Tel: 213.533.4100
4   Fax: 213.947.4251

5   Jay Edelson (Admitted *Pro Hac Vice*)
    jedelson@edelson.com
6   Rafey S. Balabanian (Admitted *Pro Hac Vice*)
    rbalabanian@edelson.com
7   Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
    bthomassen@edelson.com
8   Chandler R. Givens (Admitted *Pro Hac Vice*)
    cgivens@edelson.com
9   Jack D. Yamin (Admitted *Pro Hac Vice*)
    jyamin@edelson.com
10  EDELSON PC
    350 North LaSalle Street, Suite 1300
11  Chicago, Illinois 60654
    Tel: 312.589.6370
12  Fax: 312.589.6378

13  *Attorneys for Plaintiff Miguel Garcia and the Putative Classes*

14
        **IN THE UNITED STATES DISTRICT COURT**
15      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16  MIGUEL GARCIA, individually and on behalf
17  of all others similarly situated,

18                  *Plaintiff,*              Case No. 4:14-cv-00596-SBA

19          *v.*                              **RIDER TO SUBPOENA**

20  ENTERPRISE HOLDINGS, INC., a Missouri
    corporation, and LYFT INC., a Delaware
21  corporation.

22                  *Defendants.*

23

24

25

26

27

28

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Miguel Garcia requests that Mixpanel, Inc. cause to be delivered all of the following Documents that are in its possession, custody, or control, Including Documents within the possession, custody, or control of its officers, agents, attorneys, or employees, to one of the following locations within thirty (30) days of service of this request.

Benjamin S. Thomassen
bthomassen@edelson.com
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

First Legal Support Services
1138 Howard Street
San Francisco, California 94103
Tel: 213.580.9260

## I. Instructions

1. Please call Benjamin S. Thomassen, the attorney issuing this Subpoena, at (312) 572-7208, or email him at bthomassen@edelson.com, at your earliest convenience. The intent is to avoid or minimize unnecessary expenses or burdens on the respondent. Minimizing expenses or burdens will require early and cooperative communication.

2. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

3. As used herein, the present tense shall also Include the past tense.

4. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each request inclusive rather than exclusive.

5. "Each" shall be construed to Include and encompass "all."

6. For any term used herein which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in any of the Document requests shall be resolved so as to construe the topics as broadly as possible and to the full extent permitted under the Federal Rules of Civil Procedure.

7. The terms defined in Section II below need not be capitalized to retain their meaning as set forth in that Section.

## *II. Definitions*

1.    "Communication" or "Communications" means the transmittal of information, facts or ideas, Including communications in the form of any discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recording, advertisement or other form of exchange of words, whether oral or written. "Communication" or "Communications" also means all written and unwritten but recorded correspondence, Including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, computer files, computer disks, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your Employees.

2.    "Computer" means all data processing equipment, Including central processing units (CPUs), whether contained in a server or free-standing computer or laptop or PDA or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure or storage is virtualized, whether that data be structured or unstructured, and Including any equipment where computer files (Including records, documents, logs, and any other contiguous or non-contiguous bit strings), hidden system files, or Metadata presently reside, such as hard disk drives, optical disk drives, removable media such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices, or any other similar electronic storage media or system of whatever name or description. "Computer" also refers to all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, Including microfilm, microfiche and their repositories and readers, or design or engineering computer systems and regardless of any digital image's format, Including .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings. "Computer" also refers to sources of digital evidence that may not presently be in use by

1  You or may have been deleted from Your active systems, whether the source is a backup tape or

2  disk, some other data retention system or some form of disaster recovery system. "Computer" also

3  refers to places where digital evidence may reside that may have been deleted from Your active

4  files and which may not be readily recoverable from a backup medium, such as Metadata.

5       3.    "Date" means the exact year, month, and day, if known, or if not known, Your best

6  approximation thereof.

7       4.    "Defendants" means Enterprise Holdings, Inc. or Lyft, Inc. and their divisions,

8  subsidiaries, related companies, predecessors and successors, all present and former officers,

9  directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any

10  of them.

11       5.    "Describe" when used in relation to any process, policy, act, or event means to

12  explain the process, policy, act, or event in complete and reasonable detail, stating the time, Date,

13  and location, Identifying all Persons participating or present, and Identifying all Documents

14  Relating thereto.

15       6.    "Disclose" Including its various forms such as "Disclosed" and "Disclosure" means

16  to sell, transmit, transfer, relay, trade, or provide.

17       7.    "Document" or "Documents" shall mean any writings, letters, telegrams,

18  memoranda, correspondence, Communications, email messages, memoranda or notes of

19  conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books,

20  records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm,

21  Computer data files, printouts, accounting statements, mechanical and electrical recordings,

22  checks, pleadings, and other tangible things upon which any handwriting, typing, printing,

23  drawing, representation, photostatic, or other magnetic or electrical impulses or other form of

24  Communication is recorded, stored, or produced, Including audio and video recordings and ESI

25  (Including e-mails, web pages, websites, Computer discs, Computer programs, and Computer files,

26  Including, where applicable, compiled and uncompiled source code), whether or not in printout

27  form. These terms shall also mean copies of Documents even though the originals are not in Your

28

possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Documents; and any other Documents, items and/or information discoverable under federal law and procedure, Including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

8.     "Electronically Stored Information" or "ESI" as used herein, means Computer generated information or data of any kind stored on Computers, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

9.     "Employee" or "Employees" means all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

10.    "Facebook" means Facebook, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

11.    "Identify," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address, and past position and business affiliation, if any, with any of the parties herein.

12.    "Identify," when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (*e.g.*, partnership, corporation, etc.), the address of its principal place of business, and to Identify its principal proprietors, officers or directors.

13.    "Identify," when used with respect to a Document, means to state the Date(s) the Document was prepared, drafted, or generated, its author(s), intended and actual recipient(s), type of Document (*e.g.*, "letter," "Terms of Service" or "email"), and to Identify its last known custodian or location.

14.    "Identify," when used in reference to an event, transaction, or occurrence, means to describe the act in complete and reasonable detail; state the time, Date, and location; Identify all

1  Persons participating or present; and Identify all Documents Relating thereto.

2      15.   "Identify," when used with respect to a Communication, means to state the type of

3  Communication (*e.g.*, telephone discussion, email, face-to-face, etc.), the name and present address

4  of each Person present during the Communication or who otherwise observed or heard the

5  Communication, and to state the subject matter of the Communication and the Date upon which it

6  occurred. If the Communication was in writing, Identify all Documents that Relate To the

7  Communication in the manner provided above.

8      16.   "Including" means "including, but not limited to;" "Includes" means "includes, but

9  not limited to."

10     17.   "Metadata" means and refers to data about data, Including without limitation,

11  information embedded in a native file or other data that is not ordinarily viewable or printable from

12  the application that generated, edited, or modified such native file which describes the

13  characteristics, origins, usage, and validity of the electronic file as well as information generated

14  automatically by the operation of a Computer or other information technology system when a

15  native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such

16  system.

17     18.   "Mixpanel Library" means any file containing JavaScript, PHP, or other code that

18  is supplied or hosted by Mixpanel.

19     19.   "Person" means any natural person, corporation, partnership, association,

20  organization, joint venture, or other entity of any type or nature.

21     20.   "Plaintiff" means Plaintiff Miguel Garcia.

22     21.   "Personal Information" means an individual's (1) name; (2) telephone number;

23  (3) mailing address; (4) age or date of birth; (5) email address; (6) credit card numbers or any

24  financial or other sensitive information; (7) zip code or geographic location; (8) unique identifiers,

25  Including "Distinct IDs," unique Facebook usernames, or hyperlinks; (9) trip details, Including

26  carpool routes; or (10) any other data or information about an individual.

27     22.   "Relating To," Including its various forms such as "Relates To," means to consist

28

---

1   of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or

2   legally connected, directly or indirectly, with the matter described.

3      23. "Relevant Time Period," means 2007 until the present. Unless otherwise indicated,

4   all Requests shall refer to the Relevant Time Period.

5      24. "Use," Including its various forms such as "Using" or "Usage" means to collect,

6   obtain, procure, retain, compile, receive, acquire, or access.

7      25. "User" means any individual who has a Zimride account.

8      26. "You," "Your," or "Mixpanel" means Mixpanel, Inc. and its divisions, subsidiaries,

9   related companies, predecessors and successors, all present and former officers, directors, agents,

10  attorneys, Employees, and all Persons acting or purporting to act on behalf of any of them.

11     27. "Zimride" means any application, software, or technology that is branded or

12  referred to as "Zimride" and through which Persons may post a ride or search for a ride posted by

13  another Person.

14          *III. Documents Requested*

15     1. All Documents Relating To Plaintiff.

16     2. All Documents Relating To Zimride or Users.

17     3. All Documents containing or Identifying Users' Personal Information that was

18  Disclosed to You through Zimride or by Defendants.

19     4. All Documents Relating To the Mixpanel Library, Including complete source code.

20     5. All Documents Relating To substantive changes made to the Mixpanel Library,

21  Including complete source code.

22     6. All Documents Relating To Your Use of Users' Personal Information.

23     7. All Documents Relating To the purposes for which You Use or intend to Use

24  Users' Personal Information.

25     8. All Documents Relating To Your policies or procedures, whether formal or

26  informal, regarding Your Use of Users' Personal Information.

27

28

---

1   9.      All Documents Related To any contracts, agreements, or written understandings

2   between You and Defendants.

3   10.     All Documents exchanged between You and Defendants Relating To Users'

4   Personal Information.

5   11.     All Documents Relating to Users' Facebook profiles, Including unique identifiers,

6   profiles, or hyperlinks.

7   12.     All Documents Relating To any benefits (monetary or otherwise) You provided to

8   Defendants, or that Defendants provided to You.

9   13.     All Documents Relating to any revenues derived from Your Use of Users' Personal

10  Information, whether in aggregated or non-aggregated form.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28