UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated, | Case No. 4:14-cv-00596-SBA |
| Plaintiff, | **JOINT DISCOVERY LETTER BRIEF** |
| v. | |
| ENTERPRISE HOLDINGS, INC., a Missouri corporation, and LYFT INC. d/b/a Zimride, a Delaware corporation, | Date Filed:  February 7, 2014 |
| Defendants. | Judge:  Hon. Saundra B. Armstrong |
| | Magistrate Judge:  Hon. Kandis A. Westmore |

## <u>ATTESTATION REGARDING MEET AND CONFER</u>

Counsel for Plaintiff Miguel Garcia ("Plaintiff"), Defendant Lyft, Inc. ("Lyft") and Defendant Enterprise Holdings, Inc. ("Enterprise") certify that on July 2, 2014, they met and conferred by telephone, but were unable to resolve their dispute concerning Defendants' intention to request a temporary stay of discovery pending resolution of Defendants' Motion to Dismiss and a determination that Plaintiff has pled a viable claim.

Dated:  August 15, 2014                     KEKER & VAN NEST LLP

                                            By:  */s/ Jennifer A. Huber*
                                                 RACHAEL E. MENY
                                                 JENNIFER A. HUBER
                                                 MICHELLE S. YBARRA
                                                 Attorneys for Defendant
                                                 LYFT, INC.


Dated:  August 15, 2014                     CROWELL & MORING LLP

                                            By:  */s/ J. Daniel Sharp*
                                                 J. DANIEL SHARP
                                                 Attorneys for Defendant
                                                 ENTERPRISE HOLDINGS, INC.

Dated:  August 15, 2014                     EDELSON PC

                                            By:  */s/ Benjamin S. Thomassen*
                                                 BENJAMIN S. THOMASSEN
                                                 Attorneys for Plaintiff
                                                 MIGUEL GARCIA

Dear Judge Westmore:

The parties respectfully submit this Joint Discovery Letter Brief pursuant to the Court's Order dated August 5, 2014 (Dkt. 58) and General Standing Order.

## I. Joint Statement of Dispute and Relevant Factual Background

Defendants Lyft and Enterprise request an order staying discovery pending resolution of Defendants' Motion to Dismiss and a determination that Plaintiff Miguel Garcia has pled a viable claim. Plaintiff opposes Defendants' request for a stay of discovery.

On April 28, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. 33). That motion is fully briefed and is pending before Judge Armstrong. On May 15, 2014, the Parties met and conferred per Rule 26(f) and the Court's April 7, 2014 Order. (Dkt. 32). On June 5, 2014, Plaintiff served each Defendant with discovery requests, including Requests for Documents, Interrogatories, and Requests for Admission. *See* Exs. A-F. Also on June 5, Plaintiff served a third-party, Mixpanel, with a subpoena requesting production of documents. *See* Ex. G. On July 2, the parties met and conferred concerning Defendants' intention to move for a stay of discovery pending the resolution of their Motion to Dismiss. On July 7, Defendants filed a discovery letter brief seeking the stay of discovery. (Dkt. 53).[1] On July 10, Defendants served objections to Plaintiff's discovery requests.

A case management schedule and trial date have not yet been set in this case. The Initial Case Management Conference before Judge Armstrong is scheduled to take place on September 18, 2014, at 2:45 p.m. (Dkt. 52).

## II. Defendants' Position

### A. Introduction

Defendants Lyft and Enterprise seek a temporary stay of discovery pending resolution of their Motion to Dismiss and a determination that Plaintiff can allege a viable claim. As recognized by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the burden of requiring a defendant to engage in broad, costly and invasive discovery should only be shouldered if a plaintiff can plead a viable claim. Here, Plaintiff asserts a putative class action claim under Penal Code Section 637.6—a 1990 statute regulating persons who assist private entities in establishing commuter carpool programs—that has no application to Defendants Lyft and Enterprise or the facts alleged. Plaintiff has served each Defendant with roughly 100 discovery requests seeking information that goes far beyond even Plaintiff's expansive (and legally untenable) reading of Section 637.6. If this burdensome discovery is

---

[1] Pursuant to the Standing Order of Judge Armstrong, Defendants originally filed a three-page discovery letter brief. *See* Armstrong Standing Order, Section D (requiring that the "party seeking relief" file a letter brief of no more than three pages).

permitted to proceed, Defendants will incur significant litigation costs without legal justification since Plaintiff has not (and cannot) allege a viable claim.

Defendants' request for a temporary stay of discovery is appropriate under Fed. R. Civ. P. 26(b)(2)(C), and meets the two-part test for a discovery stay applied by federal courts in California.  First, Defendants' pending Motion to Dismiss ("Motion") would dispose of the entirety of Plaintiff's Complaint, which asserts just one cause of action.  Second, the Motion can (and should) be decided on the pleadings, without any discovery.  In addition, the proposed stay will cause no prejudice to Plaintiff.  For these reasons, the Court should stay discovery pending the Court's determination that Plaintiff can allege a valid claim.

 B. Defendants' Motion to Dismiss and Plaintiff's Burdensome Discovery Requests

Defendants Lyft and Enterprise are the former owner and current owner, respectively, of Zimride, an internet-based ride-sharing platform.  Zimride offers an online peer-to-peer ride-matching program that pairs its members who want a ride to their destination with other members willing to offer those rides.  FAC ¶¶ 2, 14 (Dkt. 29).

Plaintiff alleges that he signed up for Zimride's services in July 2012, and on a few occasions, submitted information directly through Zimride's website requesting rides between southern and northern California.  *Id.* ¶¶ 31, 32.  Plaintiff alleges that due to his use of Zimride, Defendants transmitted information about Plaintiff to a third-party data analytics company, Mixpanel, retained by Defendants to assist them in optimizing the Zimride service.  *Id.* ¶ 33, 34.  On behalf of himself and a class of similarly-situated California residents, Plaintiff asserts a single cause of action alleging that the transmission of information to Mixpanel violates California Penal Code § 637.6(a).  *Id.*  That statute provides in relevant part:

> ***No person who, in the course of business, acquires or has access to personal information*** concerning an individual, including, but not limited to, the individual's residence address, employment address, or hours of employment, ***for the purpose of assisting private entities in the establishment or implementation of carpooling or ridesharing programs, shall disclose that information to any other person or use that information for any other purpose without the prior written consent of the individual.***

Cal. Penal Code § 637.6(a) (emphasis added).  Plaintiff claims statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a)(1).  Plaintiff does not allege any injury-in-fact from Defendants' alleged disclosure to Mixpanel, nor does he say for what "other purpose" his information was used or disclosed without his consent.[2]

---

[2] Plaintiff invents a new allegation in opposing this discovery motion, claiming that his Complaint alleges that Mixpanel "packages the data into comprehensive consumer profiles that can then be used for targeted advertising, sold as a commodity …, or mined to produce valuable reports."  *See infra* at 7 (citing FAC ¶¶ 4, 21-28).  But the Complaint nowhere alleges such conduct by *Mixpanel* (just that companies "*like*" Mixpanel "*can*" engage in such conduct) or that such conduct occurred with respect to *Plaintiff's* personal information.  *See* FAC ¶¶ 4, 21-28.

On April 28, 2014, Defendants filed their Motion to Dismiss Plaintiff's Complaint (Dkt. 33) on grounds that the Complaint presents a legally deficient claim under Section 637.6. While we are aware of no published cases concerning this statute since its passage nearly 25 years ago, Defendants are not the regulated "persons … assisting private entities" to whom the statute applies, and Plaintiff's reading of Section 637.6 cannot be squared with the statutory language or the rule of lenity applicable to criminal statutes.  Plaintiff does not allege that Defendants have access to personal information "for the purpose of assisting private entities" in establishing carpooling programs, nor does he allege that he supplied his own information in connection with any private entity's carpooling program.  To the contrary, Plaintiff used Zimride to arrange for himself the occasional ride to a distant city with an unaffiliated stranger.  FAC ¶¶ 31, 32. Moreover, even assuming that Section 637.6 applied, Plaintiff fails to state a claim because he does not contend that his personal information was used or disclosed for an ulterior purpose, or that Zimride lacked his consent to do so. [3]  Finally, Plaintiff has no standing to assert his claim. Plaintiff does not dispute that the Ninth Circuit has never found Article III standing on the sole basis of an alleged violation of a *state* statute in the absence of any injury-in-fact suffered by a plaintiff.

On June 5, 2014, Plaintiff served nearly 100 burdensome discovery requests on each Defendant, consisting of 53 Requests for Documents, 14 Interrogatories, and 32 Requests to Admit Facts on Lyft, and 54 Requests for Documents, 15 Interrogatories, and 35 Requests to Admit Facts on Enterprise.  *See* Exs. A-F.  Plaintiff also served a third-party, Mixpanel, with a subpoena requesting production of documents.  *See* Ex. G.  Plaintiff seeks discovery even beyond his legally untenable claim, including broad discovery related to Defendants' and Mixpanel's businesses independent of the Zimride platform, and for all "users"—including non-California residents beyond the putative class.[4]  Defendants timely served objections to Plaintiff's discovery requests on July 10, 2014. Those objections cited the pendency of Defendants' Motion to Dismiss, their request to stay discovery, and asserted substantive objections including overbreadth and undue burden.

    C.    <u>Argument</u>

---

[3] The Complaint's deficiencies are based on a plain reading of the statute.  The fact that Section 637.6 requires a putative defendant to be "assisting private entities" or using or disclosing information "for any other purpose" without consent is not reasonably subject to dispute.  Thus, Plaintiff's argument about the absence of published cases, *see infra* at 10, is meritless.

[4] For example, Plaintiff seeks all documents "Relating To Your Use of Users' Personal Information," regardless of whether such use relates to Section 637.6(a) or the putative class of California residents, all documents "Identifying the total number of Users who searched for a ride on Zimride," regardless of whether such users are California residents, all "source code Related To Zimride," untethered to Plaintiff's allegations regarding the purported use or disclosure of personal information involving Mixpanel, and all documents "Relating To Your compliance" with Section 637.6(a), which seeks information regarding Defendants' broader business operations, regardless of whether it relates to the Zimride platform at issue.  Ex. A (RFP Nos. 3, 28, 34, 39).  Plaintiff's requests demonstrate that he is on a fishing expedition.

Defendants seek a temporary stay of discovery on grounds that their pending Motion is likely to dispose of the entire case, no discovery is necessary to rule on this Motion, and Plaintiff is not prejudiced by the modest stay Defendants seek. The Rules of Civil Procedure serve to promote "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. It is not "just" to subject Defendants to expensive discovery when neither they, nor the alleged conduct are regulated by the statute on which Plaintiff's Complaint is predicated. The Court may grant a protective order staying discovery when it finds good cause to do so. *See* Fed. R. Civ. P. 26(c). As the Ninth Circuit has noted, the purpose of a motion to dismiss "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Consistent with this purpose, federal courts in California utilize a two-part test to determine whether to stay discovery pending resolution of a dispositive motion: "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. And second, the court must determine whether the pending dispositive motion can be decided absent discovery." *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying discovery pending disposition of motion to dismiss). Applying that two-part test, the Ninth Circuit frequently has affirmed stays of discovery pending pleadings challenges. *See, e.g., Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of motion to dismiss); *Sepulveda v. Dep't of Treasury*, 295 Fed. Appx. 160, 160-61 (9th Cir. 2008) (district court properly denied motion to compel as premature pending resolution of motion to dismiss).[5]

This case easily satisfies the two-part test to stay discovery pending resolution of Defendants' Motion to Dismiss. First, the motion challenges Plaintiffs' sole claim in its entirety and, if granted, would be dispositive of the entire Complaint, rendering any discovery moot. Second, the motion can (and must) be decided exclusively on the allegations within Plaintiff's Complaint and matters subject to judicial notice, without the burdensome discovery Plaintiff seeks. Plaintiff does not dispute the second prong—that the Motion must be decided exclusively on the pleadings. In contesting the first prong, Plaintiff misleadingly argues that Defendants must show that there "*no question* that the dispositive motion will prevail" or that leave to amend would be futile. *See infra* at 8-9 (emphasis added). The proper inquiry, however, is

---

[5] Plaintiff relies heavily on *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) in opposing a stay, but that case is inapposite since it involved defendants' request for a discovery stay based only on "conclusory" statements about motions to dismiss—*some of which had yet to be filed*. Even *Gray* recognized that a stay pending a motion to dismiss "might be appropriate," as here, where the complaint is frivolous, or filed to conduct a fishing expedition or for settlement value. *Id.* Other cases cited by Plaintiff, for example *Mlejnecky v. Olympus Imaging Am., Inc.*, 2:10-CV-02630, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011), merely recognize that the Federal Rules of Civil Procedure do not provide for an "automatic" stay of discovery when a potentially dispositive motion is pending. But even *Mlejnecky* recognizes that the two-part test (with which Plaintiff apparently takes issue) has been applied by courts in this District "with frequency." *Id.*

whether the motion is "*potentially dispositive* of the entire case." *Hall*, 2010 WL 539679, at *1
(emphasis added). Here, Defendants' Motion, "if meritorious, will dispose of the entire case"
because it would dispose of Plaintiff's sole claim. *See id.* But even if Plaintiff were correct that
the Motion's likelihood of success or the futility of amendment are relevant considerations, there
are strong grounds for dismissal here that cannot be cured by any amendment. For example,
Plaintiff simply did not supply his information in connection with a private entity's carpooling
program, as the statute requires. In opposing Defendants' Motion to Dismiss, Plaintiff
intimated that Defendants do "assist[ ] private entities" through "partnerships" with
organizations like Genentech or Stanford. *See* Dkt. 40 at n. 4. But even *assuming arguendo* that
such alleged partnerships could satisfy the statute, Plaintiff's alleged use of Zimride had nothing
to do with such partnerships, and no "additional facts" can be alleged in this regard. As another
example, Plaintiff's lack of injury-in-fact, and thus his lack of standing, cannot be cured by any
amendment. Nor can Plaintiff allege that his personal information was used or disclosed for any
purpose other than implementing Zimride's ride-matching program.

In addition to meeting this two-part test, there are particularly compelling reasons to stay
discovery here. ***First***, because the Complaint contains numerous fatal defects, including the
failure to plead any use or disclosure of information for an "other purpose" prohibited by the
statute, Defendants should not be forced to engage in Plaintiff's hundreds of intrusive and
expensive discovery requests until that threshold issue is resolved. As the Ninth Circuit held in
*Rutman Wine*, a trial court would be "abdicat[ing its] judicial responsibility" and failing to adopt
the "sounder practice" if it let a plaintiff proceed to discovery with "prohibitive" costs, without
first "determin[ing] whether there is any reasonable likelihood that plaintiff[] can construct a
claim." 829 F.2d at 738. Defendants do not seek a stay solely because Plaintiff's requests are
overbroad and burdensome, but the scope and expense of this discovery, against the backdrop of
Plaintiff's plainly defective claim, further demonstrates good cause under Rule 26(c).

***Second***, even if Plaintiff could amend his Complaint to assert a viable claim (which
Defendants believe he cannot), such a claim would be substantially narrower, focusing (as it
must) on the use or disclosure of information in connection with assisting private entities with
carpooling programs. The discovery sought by Plaintiff goes far beyond any such partnerships
with private entities (indeed, it goes far beyond the putative class). The bounds of any viable
claim should be determined before—not after—such expansive discovery proceeds.

***Third***, as the Ninth Circuit has recognized, Plaintiff's lack of standing, a threshold
jurisdictional issue, provides strong independent grounds for a discovery stay. *See America
West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 800-801 (9th Cir. 1989) (upholding denial
of discovery pending motion to dismiss for lack of jurisdiction).

***Fourth***, a temporary stay of discovery is appropriate as it will not prejudice Plaintiff,
especially where Defendants have issued timely litigation holds, Defendants' Motion to Dismiss
has been fully briefed for the Court's determination, and no case management schedule
(including discovery deadlines) has been set. If Plaintiff can state a valid claim, he "will still
have ample time and opportunity to conduct discovery on the merits." *Orchid Biosciences, Inc.
v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001). By contrast, if Defendants "prevail on

[their] motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources." *Id.*

        D.       <u>Conclusion & Proposed Compromise</u>

      For the foregoing reasons, Defendants seek a temporary stay of discovery pending resolution of their Motion to Dismiss and a determination that Plaintiff has pled a viable claim (or the scope of any such claim). As a proposed compromise, during the pendency of the Motion to Dismiss, Lyft has offered to meet and confer with Plaintiff concerning his discovery requests to attempt to reach some resolution of Defendants' substantive objections to those responses, such as overbreadth and burden. Should the Court determine that Plaintiff has pled a viable claim, Lyft could then be prepared to produce any agreed-upon discovery within a reasonable timeframe. Lyft offered this compromise to Plaintiff on July 24, 2014. To date, Plaintiff has not responded to Lyft's offer to meet and confer on its substantive objections.

## III.   **Plaintiff's Position**

        A.       <u>Introduction</u>

      Defendants seek a complete stay of discovery pending a ruling on their Motion to Dismiss (Dkt. 33) (the "Motion"). In total, they offer two reasons that discovery should be stayed: (1) because Plaintiff's requests are overbroad and burdensome and (2) that discovery is unwarranted because their Motion will dispose of this matter entirely. Both are meritless.

      First, Defendants' implied assertion that they're entitled to an automatic stay pending their motion to dismiss finds no basis in the Federal Rules, and courts in this Circuit disfavor blanket discovery stays simply because a motion to dismiss is pending. Instead, Defendants must demonstrate "good cause" for a discovery stay—something they have not done. Second, Defendants cannot demonstrate why their arguments in support of dismissal are dispositive, or why proceeding with discovery now is inappropriate. Accordingly, Defendants cannot satisfy the two-part test they say governs here,[6] and their request for a stay should be denied.

        B.      <u>The Nature of Plaintiff's Claims and the Litigation to Date</u>

      Participants in carpooling and ridesharing programs enjoy a statutory right to the privacy of their personal information under California law. *See* Cal. Penal Code § 637.6 (the "Ridesharing Privacy Statute"). Defendants violated—and Enterprise continues to violate—the statute by disclosing personal information obtained in the course of establishing and operating their ridesharing programs through the Zimride website. (First Amended Complaint ("FAC")

---

[6] The Ninth Circuit has yet to provide a specific standard for granting protective orders pending a motion to dismiss, *see San Francisco Tech. v. Kraco Enterprises LLC*, No. 11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011), though some N.D. Cal. courts have adopted the two-part test relied on by Defendants from the Eastern District of California. *See, e.g.*, *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010).

(Dkt. 29) ¶¶ 43–47.) Specifically, through the website, Defendants disclose their users' names, addresses, e-mail addresses, genders, ages, zip codes, and information about users' likes and dislikes to a third-party data analytics company called Mixpanel. (*Id*. ¶¶ 14–15, 19.) Mixpanel, in turn, packages the data into comprehensive consumer profiles that can then be used for targeted advertising, sold as a commodity to other data brokers, or mined to produce valuable reports. (*See id*. ¶¶ 4, 21–28.) Defendants do not attempt to obtain Zimride users' written consent (or any consent, for that matter) before disclosing their personal information as required by the Ridesharing Privacy Statute. (*Id*. ¶¶ 18, 45–46.) As a result, Plaintiff Miguel Garcia, a Zimride user, filed this putative class action to remedy Defendants' ongoing privacy violations.

On March 28, 2014, Plaintiff filed the now-operative First Amended Complaint. (Dkt. 29.) On April 28, 2014, Defendants moved to dismiss, arguing, *inter alia*, (i) that the Ridesharing Privacy Statute does not apply to Defendants' ridesharing service, (ii) that Plaintiff's allegations are insufficient to state a claim under the Ridesharing Privacy Statute, and (iii) that Plaintiff has no standing to sue for Defendants' privacy violations. (*See generally*, Dkt. 34.) On May 15, 2014, the parties met and conferred pursuant to the Court's April 7, 2014 Order (Dkt. 32) and Rule 26(f). On June 5, 2014, Plaintiff served discovery requests to both Defendants. On July 7, 2014, and before Plaintiff received any responses, Defendants filed a discovery letter brief, requesting a discovery stay until their Motion is resolved. (Dkt. 53.) Plaintiff received Defendants' discovery "responses" three days later, but those responses included no substantive answers at all. Instead, Defendants responded to each of Plaintiff's requests only by stating that Defendants will "supplement [their] response[s] . . . if necessary and appropriate, following a ruling on Defendants' pending motion for a protective order . . . or a determination that Plaintiff has pled a viable claim in connection with Defendants' pending Motion to Dismiss." Defendants never requested an extension from Plaintiff to respond to the requests, and never obtained an intervening order from the Court absolving them of their duty to comply with their discovery obligations.[7] As a result, more than two months have passed since the requests were served, and Defendants have yet to provide any responsive information.

C.    Argument

Defendants are not entitled to an automatic stay of all discovery simply because they have filed a motion to dismiss. First, Defendants have not even attempted to demonstrate good cause for a stay, as required by the Federal Rules and established Ninth Circuit precedent. Second, their unfounded speculation that they'll procure a dismissal does not exempt them from the discovery process. Defendants' request to stay discovery should be denied.

1.    *Defendants have not demonstrated good cause for obtaining a stay.*

Under Federal Rule of Civil Procedure 26, a party may serve discovery requests once the Rule 26(f) discovery conference has taken place, and the responding party must respond within

---

[7] As an ancillary matter, Defendants cannot grant themselves a stay by unilaterally deciding not to participate in the discovery process, as they have done here. *See Apple Inc. v. Eastman Kodak Co.*, No. 10-cv-04145 JW PSG, 2011 WL 334669, at *2 (N.D. Cal. Feb 1, 2011).

the timeframes set forth in the rules. *See* Fed. R. Civ. P. 26(d). As such, a party seeking a discovery stay carries the "heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Under Rule 26(c), the moving party must demonstrate "good cause" for seeking the stay, *Hall*, 2010 WL 539679, at *2, and "bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). To demonstrate "good cause," the moving party "must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Gray*, 133 F.R.D. 39 at 40.

Here, Defendants do not make any showing of a need to stay discovery, let alone a "particular and specific" one. Instead, they cherry-pick a few requests they deem objectionable in support for a *complete* stay of discovery. *See supra* at 3, n.4. But even assuming *arguendo* that the four requests Defendants identify are impermissibly broad in some regard (they are not[8]), that is no reason to halt discovery entirely. *Foltz*, 331 F.3d at 1130 (moving party must show that prejudice or harm would result "for each particular document it seeks to protect"). Indeed, had Defendants asked to meet and confer *on their objections*[9] prior to seeking a complete stay of discovery, Plaintiff could have addressed each of the purportedly objectionable requests that Defendants hand-pick here—and even, for the sake of moving discovery (and the case) forward, likely would have agreed to narrow some. Defendants are now apparently willing to confer—but as a "compromise," and only after asking that discovery be stayed entirely. That is not the appropriate way to avoid the expenses purportedly associated with Plaintiff's so-called "broad" discovery requests.

Further, Defendants have not attempted to demonstrate how the requests—which are tailored to each Defendant—burdens either of them in particular. Instead, Defendants conclude that *all* of the requests, served to *each* of them, are "burdensome." Such boilerplate assertions are

---

[8] For example, because the *scope* of Section 637.6(a) is at issue here, Plaintiff is allowed to discover information (i.e., including Defendants' use of Zimride users' personal information, and their differing use of non-California residents' data) that may fall within the statute's ambit even if Defendants choose to interpret it narrowly. Further, as the FAC directly concerns Defendants' effort to digitally transmit users' personal information to Mixpanel, (FAC ¶ 19), the Zimride source code (which allows for such transmission) is certain to yield relevant and admissible evidence. And Plaintiff is at a complete loss as to why Defendants believe that their efforts to comply with Section 637.6 aren't relevant to this matter—their efforts to comply with the Statute are at the center of this case.

[9] Tellingly, Defendants ignore that their broadest objections—which *do* address all of Plaintiff's discovery requests—are simply based on self-serving misrepresentations of Plaintiff's requests. For instance, Lyft objects to *all* of Plaintiff's requests because they seek information regarding "Lyft's broader business operations, and the Lyft transportation network service generally"—but ignores that the requests are tailored to seeking only information about "Users" and "Recipients" which are specifically defined *only* in relation to the Zimride platform. *See* Dkt. 54–1 at 8.

not enough to state a valid objection, let alone to justify a complete stay of discovery. *See, e.g.*, *Hall v. Tehrani*, No. C 09-0057 RMW PR, 2011 WL 3267759, at *1 (N.D. Cal. July 29, 2011). And here, if anything, it is Plaintiff and the putative class that would be prejudiced by a discovery stay, since delaying the ultimate resolution of this matter will only allow Defendants' ongoing privacy violations to persist. In the end, Defendants do not meet their burden, and their request for a stay should be denied.

> 2.   *Defendants' pending motion does not afford them an automatic stay of discovery.*

The filing of Defendants' Motion provides no independent basis for granting a stay. Not only is there no merit to the Motion, (*see* Plaintiff's Opposition (Dkt. 40)[10]), Defendants' conclusory statement that the Complaint contains "numerous fatal defects," without more, does not provide "good cause" to stay discovery because any potential defects can be cured by amendment.

To start, courts throughout this Circuit have squarely rejected the very argument that Defendants advance here: "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray*, 133 F.R.D. at 40.[11] To show good cause for a discovery stay in the Ninth Circuit, Defendants must (but, here, do not and cannot) "show more than an apparently meritorious 12(b)(6) claim." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). And moreover, a pending motion to dismiss based on the sufficiency of a complaint does not constitute good cause to stay discovery. *See, e.g.*, *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995); *accord In re Valence Tech. Sec. Litig.*, No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994).

Here, Defendants repeatedly challenge the *sufficiency* of the FAC through their Motion—which, in itself, belies Defendants' request for a stay. (*See, e.g.*, Dkt. 34 at 5 ("his

---

[10] Defendants' claim that "Plaintiff does not dispute that the Ninth Circuit has never found Article III standing on the sole basis of an alleged violation of a *state* statute" is a red herring. In his Opposition, Plaintiff quotes N.D. Cal. case law that expressly concludes Ninth Circuit precedent (i.e., regarding statutory standing in relation to federal statutes) applies equally to state statutes—including Cal. Penal Code § 637.2—the same statute at issue here. (Dkt. 25 n. 20.)

[11] Defendants attempt to distinguish *Gray* by pointing out that some of the *Gray* Defendants had not filed dispositive motions, *see supra* at 4 n.5, but gloss over that the Court considered a discovery stay in the context of a motion to dismiss. Defendants also misquote *Gray*, suggesting that a motion to stay "might be appropriate" where a dispositive motion is pending, but *Gray* recognized only that "it is conceivable that a stay might be appropriate" in such situations. *See Gray*, 133 F.R.D. at 40. In any event, Defendants' effort to suggest that Plaintiff's requests amount to a frivolous "fishing expedition" is completely baseless, as no support is provided for this charge other than the few untenable objections addressed above (*see supra* at 8 n.8).

allegations do not mention any private entity's commuter carpool program, or say anything about any injury he suffered from the use or disclosure of his information, or that his information was used or disclosed for a purpose other than implementation of Zimride's services."); *id.* at 7 ("Plaintiff makes no allegation that Defendants were 'assisting private entities' in the establishment of carpools . . . "); *id.* at 10 ("Plaintiff fails to adequately allege that Defendants disclosed his information without consent"); *id.* at 10 n.6 ("These allegations are insufficient because such a risk of injury is not concrete and particularized"). Defendants can point to no precedent that Plaintiff's claim is "legally untenable," or that their own reading of the Ridesharing Privacy Statute is correct, because as they note above, there are no published cases concerning the statute since its passage. As such, Defendants' cavalier assertion that their Motion would "be dispositive of the entire Complaint," based on nothing but their say-so, is insufficient to show that there's "no question that the dispositive motion will prevail."[12] *Clemons v. Hayes*, No. 10-cv-01163, 2011 WL 2112006, at *2 (D. Nev. May 26, 2011).

Finally, Defendants' Motion cannot satisfy the two-part test they set forth, which requires that the pending motion be "potentially dispositive of the entire case." (*See* Section II.C *supra*.) That's because courts in this district have found that the test cited by Defendants fails unless a motion to dismiss would be granted without leave to amend. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Res. Dev. Servs., Inc.*, No. 10-c-01324 JF PVT, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010). And here, even if the issues in Defendants' Motion are resolved against Plaintiff, they can be cured through amendment (i.e., by pleading additional facts to address Defendants' challenge as to the sufficiency of the FAC). *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see also* Fed. R. Civ. P. 15(a)(2). Because Defendants' Motion "is not 'potentially dispositive' at this juncture," *Nat'l Union Fire Ins. Co.*, 2010 WL 3746290, at *1, a stay of discovery is inappropriate.

D.   Conclusion & Proposed Compromise

For the foregoing reasons, and for the reasons discussed in Plaintiff's opposition brief (Dkt. 40), Defendants' request for a discovery stay should be denied. As a proposed compromise, Plaintiff offers that Defendants produce responsive documents during the pendency of the Motion, and timely serve responses to Plaintiff's Interrogatories and Requests to Admit after the Motion is decided. Notwithstanding this proposed compromise, Plaintiff reserves the right to compel responses to *all* of the requests in the event the Court denies Defendants' request for a discovery stay.

---

[12] Though Defendants argue that the "proper inquiry" does not focus on whether the dispositive motion will, *see supra* at 4–5, their own cited authority demonstrates that courts consider the merits of the motion in deciding whether it is "potentially dispositive" of the entire case. *See Wenger*, 282 F.3d at 1077 (a district court may stay discovery "when it is *convinced* that the plaintiff will be unable to state a claim for relief") (emphasis added); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)); *GTE Wireless Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000).

Joint Discovery Letter Brief                                                      Page 11
No. 4:14-cv-00596-SBA


Respectfully submitted,

Dated:  August 15, 2014                    KEKER & VAN NEST LLP

                                   By:   */s/ Jennifer A. Huber*
                                         RACHAEL E. MENY
                                         JENNIFER A. HUBER
                                         MICHELLE S. YBARRA
                                         Attorneys for Defendant
                                         LYFT, INC.

Dated:  August 15, 2014                    CROWELL & MORING LLP

                                   By:   */s/ J. Daniel Sharp*
                                         J. DANIEL SHARP
                                         Attorney for Defendant
                                         ENTERPRISE HOLDINGS, INC.

Dated:  August 15, 2014                    EDELSON PC

                                   By:   */s/ Benjamin S. Thomassen*
                                         BENJAMIN S. THOMASSEN
                                         Attorney for Plaintiff
                                         MIGUEL GARCIA


## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing
of this Joint Discovery Letter Brief has been obtained from the other signatories.


Dated:  August 15, 2014                    */s/ Jennifer A. Huber*
                                           JENNIFER A. HUBER


855750.02