UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>ENTERPRISE HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No.  14-cv-00596-SBA (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 59 |

The parties in the above-captioned case filed a joint discovery letter brief in which they dispute whether discovery should be stayed pending resolution of Defendants' motion to dismiss, filed on April 28, 2014.  For the reasons set forth below, Defendants' request for a stay of discovery is DENIED.

## I.   BACKGROUND

The operative complaint in this putative class action contains a single cause of action for purported violations of California Penal Code section 637.6.  (Am. Compl. ¶¶ 43-47, Dkt. No. 29.) That statute provides:

> (a) No person who, in the course of business, acquires or has access to personal information concerning an individual, including, but not limited to, the individual's residence address, employment address, or hours of employment, for the purpose of assisting private entities in the establishment or implementation of carpooling or ridesharing programs, shall disclose that information to any other person or use that information for any other purpose without the prior written consent of the individual.
>
> (b) As used in this section, "carpooling or ridesharing programs" include, but shall not be limited to, the formation of carpools, vanpools, buspools, the provision of transit routes, rideshare research, and the development of other demand management strategies such as variable working hours and telecommuting.

(c) Any person who violates this section is guilty of a misdemeanor, punishable by imprisonment in the county jail for not exceeding one year, or by a fine of not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

Cal. Penal Code § 637.6.

Plaintiff alleges that Defendants, though Zimride,[1] a company that offers carpooling and ridesharing services, disclosed and continue to disclose personal information, to a third-party analytics company, Mixpanel, without consent. (Am. Compl. ¶¶ 43, 46.)

On April 28, 2014, Defendants moved to dismiss the operative complaint. (Def.'s Mot. to Dismiss, Dkt. No. 34.) They seek dismissal on the grounds that section 637.6 does not apply to Defendants' peer-to-peer ridesharing service; Plaintiff fails to adequately allege that Defendants disclosed his information without consent; and Plaintiff has not sufficiently alleged facts establishing his standing to sue for Defendants' alleged unlawful conduct. (*Id.* at 6, 7, 8, 10 n.6.)

## II.   LEGAL STANDARD

The Ninth Circuit has recognized that a court may limit discovery "for good cause . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam); *B.R.S. Land Investors v. U.S.*, 596 F.2d 353, 356 (9th Cir. 1979) (same); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("We have held, however, that '[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.'") (citation omitted, modifications in original).

Courts in this district have adopted a two-part test to determine whether a protective order staying discovery should issue pending resolution of a dispositive motion. *See Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (Larson, J.); *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying discovery pending disposition of motion to dismiss in a pro se prisoner case).

First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pacific Lumber Co.*, 220 F.R.D. at 351.

---

[1] Plaintiff alleges that Enterprise acquired Zimride from Lyft in 2013. Am. Compl. ¶ 1.

2

1  Second, the court must determine whether the pending dispositive motion can be decided absent

2  discovery. *Id.* at 352. "If the court answers these two questions in the affirmative, a protective

3  order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.*

4  Moreover, "[d]enying a protective order is particularly appropriate if a stay of discovery could

5  preclude either party from fully preparing for the pending dispositive motion." *Id.*

### III.   DISCUSSION

Defendants assert that Plaintiff has propounded approximately 100 discovery requests since filing this action on each Defendant.[2] (Joint Ltr. at 1, 3.) They argue that a temporary stay of discovery is appropriate under Fed. R. Civ. P 26(b)(2)(C) because the pending motion to dismiss, which can and should be decided on the pleadings and without any discovery, will dispose of Plaintiff's complaint and because the proposed stay will not prejudice Plaintiff. (Joint Ltr. at 1, 4.)

Plaintiff argues that Defendants' "boilerplate assertions" do not constitute good cause, which is required for a stay to issue, and that Plaintiff and the putative class "would be prejudiced by a stay of discovery, since delaying the ultimate resolution of this matter will only allow Defendants' ongoing privacy violations to persist." (*Id.* at 9.) He asserts that Defendants' motion to dismiss is not potentially dispositive at this stage in the case, as the motion may be granted with leave to amend. (*Id.* at 10.) On these grounds, he contends that a stay of discovery is inappropriate. *(Id.)*

Here, the Court declines to delve too far into the merits of the pending motion to dismiss. That is for the presiding judge to decide. With this in mind, the Court addresses the two elements that govern whether discovery should be stayed pending the presiding judge's decision on the motion to dismiss. Defendants correctly argue that the motion can be decided without discovery. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *See Lopez v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

---

[2] According to Defendants, this includes 53 requests for production, 14 interrogatories, and 32 requests for admission served on Defendant Lyft and 54 requests for production, 15 interrogatories, and 35 requests for admission on Defendant Enterprise. Joint Ltr. at 3.

Defendants' motion has been fully briefed, is accompanied by a request for judicial notice, which may or may not be granted, and tests the legal sufficiency of the factual allegations in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, the first prong of the applicable test is met here.

Whether Defendants' motion will be dispositive of the entire case is a closer question. The amended complaint contains a single cause of action, which Defendants have challenged pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Def.'s Mot. to Dismiss.) They claim that the pending motion, "if meritorious, will dispose of the entire case." (Joint Ltr. at 4.) Here, however, Defendants have not convinced the Court that their motion is meritorious or that it will otherwise be granted without leave to amend, which courts grant liberally. *Cf. Wenger*, 282 F.3d at 1077 ("'[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.'") (citation omitted, modifications in original). For this reason, the Court cannot conclude that the pending motion, though it challenges the sole claim in the operative complaint, will be potentially dispositive of the entire case. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Resource Development Services, Inc.*, No. C 10-01324-JF (PVT), 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (denying motion to stay discovery where defendant assumed that the court would not grant plaintiff leave to amend any deficient claims); *Clemons v. Hayes*, No. 2:10-cv-01163-KJD-GWF, 2011 WL 2112006, at *1 (D. Nev. May 26, 2011) (noting that challenges to jurisdiction, venue, and immunity are common examples of situations where a motion to dismiss would warrant a stay of discovery); *cf. Hall*, 2010 WL 539679, at * 2 (N.D. Cal. Feb. 9, 2010) (granting motion to stay discovery in pro se prisoner case).

## IV.   CONCLUSION

For the reasons set forth above, Defendants' request for a stay of discovery is DENIED. The parties shall meet and confer to resolve any objections to outstanding discovery requests.

**IT IS SO ORDERED.**

Dated: 09/15/2014

KANDIS A. WESTMORE
United States Magistrate Judge

4