KEKER & VAN NEST LLP
RACHAEL E. MENY - #178514
rmeny@kvn.com
JENNIFER A. HUBER - #250143
jhuber@kvn.com
MICHELLE S. YBARRA - #260697
mybarra@kvn.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:      (415) 391-5400
Facsimile:      (415) 397-7188

Attorneys for Defendant
LYFT, INC.

J. DANIEL SHARP - #131042
dsharp@crowell.com

CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Tel:    (415) 365-7372
Fax:    (415) 986-2827

Attorney for Defendant
ENTERPRISE HOLDINGS, INC.

Samuel M. Lasser (SBN – 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Jay Edelson (Admitted Pro Hac Vice)
jedelson@edelson.com
Rafey S. Balabanian (Admitted Pro Hac Vice)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted Pro Hac Vice)
bthomassen@edelson.com
Chandler R. Givens (Admitted Pro Hac Vice)
cgivens@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL  60654
Tel:    (312) 589-6370

Attorneys for Plaintiff and the Putative Classes

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MIGUEL GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE HOLDINGS, INC. d/b/a Zimride, a Missouri corporation, and LYFT INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:14-cv-00596-SBA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Saundra B. Armstrong<br>Date Filed:  February 7, 2014 |

871659.01

WHEREAS, discovery in the above-captioned action may involve the disclosure of certain documents, things, and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, Plaintiff Miguel Garcia ("Plaintiff"), Defendants Lyft, Inc. and Enterprise Holdings Inc. ("Defendants") (Plaintiff and Defendants are individually referred to as "Party" and collectively as "Parties") by and through counsel, HEREBY AGREE AND STIPULATE to the entry of the following protective order.

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied.

2. DEFINITIONS

2.1 Challenging Party: A Party or Non-Party (defined below) that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: Information any Producing Party (defined below), including any Non-Party, in good faith believes to contain (a) such material or matter used by it in, or pertaining to, its business, which is not generally known and which the Producing Party normally would not reveal to third parties or would cause third parties to maintain in confidence;

(b) any trade secret or other confidential research, design, development, or commercial information; and (c) information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure, including but not limited to Rule 26(c)(1)(G).

2.3 Counsel (without qualifier):  Outside Counsel of Record (defined below) and in-house counsel (as well as their support staff).

2.4 Designating Party: A Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other materials, testimony, transcripts, and tangible things), produced or generated in disclosures or responses to discovery in this action.

2.6 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  This is limited to highly-sensitive Discovery Material containing trade secrets, or competitively sensitive technical, marketing, financial, sales, or other confidential business information, which if disclosed to another Party or Non-Party would create a risk of injury that could not be avoided by less restrictive means, as determined in good faith by the Designating Party.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe algorithms or structure of software or hardware designs, disclosure of which to

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party.

2.11 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>"SOURCE CODE LOG:"</u> The term SOURCE CODE LOG shall have the meaning assigned to it in Section 8.2 below.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information in the public domain at the time of disclosure to a Receiving Party or becomes part of

the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure

or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material where feasible, and in a manner that will not interfere with legibility. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," except as provided in Section 8.1(e). After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, except as provided in Section 7.4 regarding the use of materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE," that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony entitled to protection and it appears substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony appropriately designated for protection within the 21-day period shall be

covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterward if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so the other parties can ensure only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in a non-paper media (*e.g.*, videotape, audiotape, computer disk, etc.), that the Producing Party label the outside of such non-paper media as CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and produce the material in a sealed envelope. In the event a Receiving Party generates any electronic copy, "hard copy," transcription or printout from any such designated non-paper media, such Party must treat each copy, transcription or printout as designated and label it in a manner effective to ensure proper treatment.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the Parties agreeing the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if good cause exists for doing so, including a challenge to the designation of a deposition transcript or any portions

thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

Each individual who receives any Protected Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Order. Each individual who receives Protected Material is enjoined from disclosing that material to any other person, except in conformance with this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees

of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) In-house counsel of the Receiving Party.

(c) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(e) The Court and its personnel.

(f) Court reporters and their staff.

(g) Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary.

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons set forth in Sections 7.2(a), (b), (d), (g) and (i), provided they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). A Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the persons set forth in Sections 7(e) in filings under seal, and the persons set forth in 7(f) who provide services in connection with depositions or hearings in this litigation and to the extent necessary to transcribe or record testimony and identify exhibits marked in the course of hearing or deposition. If a Party wishes to disclose any Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person not described in these subparagraphs, permission to so disclose must be requested from the Producing Party or Designating Party in writing. If the Producing Party or

Designating Party objects to the proposed disclosure within five (5) business days, no such disclosure shall be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) Plaintiff's Outside Counsel of Record.

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed.

(c) Witnesses in deposition examinations, provided such witnesses are (1) the Producing Party, (2) the Producing Party's present employees, officers, and directors, (3) former employees, officers, or directors of the Producing Party who reviewed the source code during the course of their employment with the Producing Party, or (4) the Producing Party's technical advisers and experts.

(d) The Court, jury, court personnel, court reporters, and other persons connected with the Court.

Any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be used during a deposition of anyone, including third parties, not identified in Section 7.4(c). If information or an item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" is made part of a deposition record, the source code and any testimony relating to it shall automatically be designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.5 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to Sections 7.3 and/or 7.4(b), first must make a written request to the Designating Party that: (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding seven years; (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding seven years; and (7) provides a completed and signed copy of the "Acknowledgment and Agreement to Be Bound" from the Expert attached hereto as Exhibit A.

If an Expert is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such engagement or the identity of the entity for which the services were, or are being, performed, then the Expert shall state that certain information is being withheld on that basis and may supplement his/her disclosure with such additional information as he/she believes would be helpful to the Parties and the Court in determining whether any undisclosed relationship would create a genuine likelihood the Expert would, in the course of any such undisclosed engagement, use or disclose information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" for purposes other than this litigation.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. Pending a ruling by the Court, the proposed expert shall not have access to material or information designated by the objecting party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8. SOURCE CODE PROTOCOL

8.1 Inspection of Source Code. In the event that the production of source code becomes necessary in this case, the Producing Party shall disclose it in the following manner and subject to the following protections:

(a) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The

Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. No recordable media or recordable devices, including without limitation sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, thumb drives or any other drives of any kind, shall be permitted in the room containing the Stand-Alone Computers.

(b) Source code will be made available to the Receiving Party no more than two times prior to Plaintiff filing his motion for class certification. The Producing Party agrees to consider reasonable requests from the Receiving Party for additional source code review sessions if extra time is warranted by the volume and complexity of the source code.

Under no circumstances will the Receiving Party's Outside Counsel of Record, or anyone acting on behalf of the Receiving Party, compile the copies into executable code.

(c) In no event shall any review software be permitted to alter the source code, nor shall persons authorized to review source code attempt to make any modifications to the source code.

(d) Under no circumstances will the Receiving Party's Outside Counsel of Record, or anyone acting on behalf of the Receiving Party, move any copies or portions of the source code outside the United States.

8.2 <u>Source Code Log</u>. The Receiving Party shall maintain a "SOURCE CODE LOG" containing the following information: (1) the identity of each person granted access to the source code in either electronic or paper form; and (2) each date when such access was granted. The Receiving Party shall maintain an updated version of the SOURCE CODE LOG and shall provide a current copy of that log to the Producing Party as reasonably requested. For security purposes, the Receiving Party must produce a copy of the log pursuant to this paragraph regardless of any other stipulation of the Parties.

8.3 <u>Requests for Paper Copies</u>. A Receiving Party may request paper copies of reasonable portions of code identified by the Receiving Party. Such requests shall be limited to paper copies reasonably necessary for inclusion in Court filings, pleadings, expert reports, or other papers, or for use in deposition or at trial, but the Receiving Party shall not request paper copies for the purpose of reviewing the source code other than electronically in the first instance. The Receiving

Party's request shall not seek more than seven (7) contiguous pages of single spaced source code (12-point font size), and no more than thirty (30) total pages. The Producing Party agrees to consider reasonable requests from the Receiving Party to print additional pages of source code. The Producing Party shall mark copies clearly and prominently as "HIGHLY CONFIDENTIAL – SOURCE CODE" and affix individual production numbers and the source code's native line numbers, and the Producing Party may, at its election, make copies on non-copyable paper. To the extent the Producing Party provides printed copies on copyable paper, the Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. If the Producing Party provides copies on non-copyable paper, the Receiving Party's Outside Counsel of Record may request an additional copy for those uses. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. The Receiving Party shall maintain a log of all paper copies of the code received from the Producing Party and delivered by the Receiving Party to any Expert pursuant to this Order. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon advance notice of five (5) business day to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. All paper copies of the source code, or pages containing printed portions of the source code, including all such pages that may be printed by the Receiving Party, shall bear the watermark "HIGHLY CONFIDENTIAL – SOURCE CODE" across each printed page. The Producing Party may challenge the amount of source code requested by the Receiving Party in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order apply to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional protections.

(b) In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2.    Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties agree on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in this Order.

13. <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

14. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must make reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms the Receiving Party has made reasonable efforts to return or destroy all Protected Material and confirms that the Receiving

1    Party has not retained any copies, abstracts, compilations, summaries, or any other format

2    reproducing or capturing any of the Protected Material. The Receiving Party's reasonable efforts

3    shall not require the return or destruction of materials that are (a) stored on backup storage media

4    stored in accordance with regular data backup procedures for disaster recovery purposes; (b) are

5    located in the email archive system or archived electronic files of departed employees; or (c) are

6    subject to legal hold obligations.  Notwithstanding this provision, Counsel are entitled to retain an

7    archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

8    memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

9    and consultant and expert work product, even if such materials contain Protected Material.  Any

10   such archival copies that contain or constitute Protected Material remain subject to this Order,

11   including any such materials retained in backup storage media.

12   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13   Respectfully submitted,

14   Dated: December 8, 2014          Keker & Van Nest LLP
                                     By:  */s/* Michelle S. Ybarra
15                                        _____
                                          RACHAEL E. MENY
16                                        JENNIFER A. HUBER
                                          MICHELLE S. YBARRA
17                                        Attorneys for Defendant
                                          LYFT, INC.
18

19   Dated: December 8, 2014          CROWELL & MORING LLP
                                     By:  */s/* J. Daniel Sharp
20                                        _____
21                                        J. DANIEL SHARP

22                                        Attorney for Defendant
                                          ENTERPRISE HOLDINGS, INC.
23

24   Dated: December 8, 2014          EDELSON PC
                                     By:  */s/* Benjamin S. Thomassen
25                                        _____
26                                        BENJAMIN S. THOMASSEN

27                                        Attorney for Plaintiff
                                          MIGUEL GARCIA
28

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this Stipulated Protective Order has been obtained from the other signatories.

Dated: December 8, 2014
/s/ Benjamin S. Thomassen
Benjamin S. Thomassen

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2014
_____
HON. SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on October __, 2014, in the case of *Garcia v. Enterprise Holdings, Inc., et al* (Case No. 14-cv-00596-SBA). I agree to comply with, and to be bound by, all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]